W. T. MUSGROVE and William R. Cadenhead, Individually, and as Partners, doing business as Musgrove Insurance Agency, Plaintiffs,

v.

NATIONAL SURETY CORPORATION, a New York Corporation, Gladys Holmes Southwick (formerly Gladys Leith Holmes) and Continental Casualty Company, an Illinois Corporation, Defendants.

Civ. A. No. 1149.

United States District Court
N. D. Alabama,
Northwestern Division.

Feb. 2, 1961.

Mitchell, Poellnitz & Cox, Florence, Ala., for plaintiffs.

London, Yancey, Clark & Allen, and Lange, Simpson, Robinson & Somerville, Birmingham, Ala., for defendants.

GROOMS, District Judge.

This case is before the Court on motion to remand.

On February 17, 1958, Mrs. Gladys Leith Holmes filed a suit at law in the Circuit Court of Lauderdale County, Alabama, against W. T. Musgrove and William R. Cadenhead, individually and doing business as Musgrove Insurance Agency (hereinafter referred to as Musgrove and Cadenhead), claiming $50,000 as damages for the alleged negligent failure of the defendants therein to secure a binder on a policy of insurance issued by the Continental Casualty Company to Oliver Wendell Holmes, plaintiff's deceased husband, extending insurance coverage to him while flying as pilot in an airplane. On February 21, 1957, Mr. Holmes was killed while piloting an airplane.

1

**2**

On October 7, 1960, Musgrove and Cadenhead filed a bill in equity in the Circuit Court of Lauderdale County, Alabama, against Mrs. Holmes, now Mrs. Southwick, the National Surety Corporation, a New York corporation, and Continental Casualty Company[1] an Illinois corporation.

This suit seeks a declaration that National Surety Corporation is obligated to defendant Musgrove and Cadenhead in the suit by Mrs. Southwick and to pay any judgment in excess of $1,000 obtained against them in that case under an Errors and Omissions Policy issued by National Surety Corporation to them. They pray that Mrs. Southwick be temporarily restrained and enjoined from proceeding further in her case against them.

In its removal petition, National Surety Corporation asserts that there is an improper joinder of parties defendant in that the sole controversy involving it is of such nature that the interests of defendant, Mrs. Southwick, are kindred and mutual with the interests of the plaintiffs and opposed to the interest of this defendant. It seeks realignment of parties; and also asserts that a separable controversy exists between it and the plaintiffs which is capable of being determined with complete relief being afforded without the presence of Mrs. Southwick who is neither an indispensable nor a necessary party herein.

The controversy has been presented in oral argument and by extensive briefs. The Court has independently researched the question.

The precise arrangement as to parties was presented in Bonell et al. v. General Accident Fire & Life Assurance Corp. et al.[2] Bonell, who had been sued by one Bitts in the Supreme Court of Santa Clara County, California, called upon his insurer, General Accident, to defend. The insurer refused to so defend. Bonell then commenced an action for declaratory relief in the same court naming both Bitts and the insurer as defendants. Upon timely petition, the action was removed to the Federal court. The Court denied the motion to remand holding that proper alignment of the parties would place Bitts alongside Bonell, saying:

"As it appeared from the face of the complaint that both Bitts and Bonell were residents of California, a hearing was had upon the question of jurisdiction. At the hearing it was determined that the interests of Bonell and Bitts were identical with regard to the issue at bar, and that a proper alignment of the parties in this Court would place Bitts alongside Bonell as a party plaintiff.

"The plaintiffs Bonell and Bitts are both residents of the State of California, the defendant is incorporated under the laws of the Empire of Great Britain, and the amount in controversy exceeds the sum or value of $3,000; accordingly, there is the requisite diversity of citizenship, and the jurisdiction of this Court is founded upon 28 U.S.C. § 1332. * * *"

There was no issue of an injunction in that case. Does that fact make a material difference?

In First National Bank & Trust Co. of Minneapolis v. York Petroleum Co.,[3] the action was against a foreign corporation and three resident defendants who owned all of the corporate defendant's stock. The claim against the corporation was on a promissory note and certain guaranties executed by it. There was also a prayer for a receivership, and for an injunction against the individual defendants to prevent them from divesting or transferring any of the assets of the corporation. De-

---

1. Mrs. Southwick in an action against Continental Casualty Company in this court was denied a recovery in the Court of Appeals for the Fifth Circuit. Continental Casualty Co. v. Holmes, et al.,

266 F.2d 269. Continental's motion to dismiss the instant action is pending.

2. D.C.N.D.Cal., 167 F.Supp. 384, 385.

3. D.C.N.D.Okl., 4 F.Supp. 169, 170–171.

nying a motion to remand, the Court said:

"There can be no doubt but that plaintiff's petition clearly sets forth a cause of action against the nonresident corporate defendant upon a promissory note; this is a controversy existing between a resident plaintiff and a nonresident defendant, in which the individual resident defendants have no concern. The other portions of plaintiff's petition pleaded facts upon which *they seek injunctive relief and the appointment of a receiver*. There are several controversies involved in the suit, but, in my opinion, the main and principal controversy set forth in plaintiff's petition is its attempt to recover upon the promissory note against the nonresident defendant.

\* \* \* \* \* \*

"The right to recover a judgment upon the note against the nonresident corporate defendant contemplates a determination of that controversy between the resident plaintiff and the nonresident defendant, and complete relief of a judgment for the recovery of the sum due may be afforded without the presence of the individual defendants. Plaintiff's petition is so drawn as to clearly show that the principal relief sought is the recovery of money due it upon the promissory note, and upon written guaranties executed by the nonresident defendant. *It seeks incidental relief of injunction and the appointment of a receiver in order to aid in the accomplishment of its primary purpose*—the collection of the money due it by the nonresident corporate defendant. By

reason of pleading the separable controversy, the cause is removable to this court by the nonresident defendant." (Italics supplied.)

As will be noted, the Court in the last cited case was referring to an injunction against individual acts and not an injunction to stay proceedings in a State court such as here presented. With certain stated exceptions, this Court is precluded from granting an injunction to stay proceedings in a state court.[4] In view of an observation presently to be made, the Court need not decide the impact of that prohibition upon the ultimate solution of the problem at hand. The injunctive relief involves only Mrs. Southwick's right to proceed in her case against Musgrove and Cadenhead. National Surety Corporation is not a party to that suit.

Musgrove and Cadenhead do not need, nor are they entitled to, an injunction in their suit in the Lauderdale Circuit Court in equity against Mrs. Southwick enjoining the prosecution of her suit in the Lauderdale Circuit Court at law against them.

It is the rule that an injunction will not ordinarily be granted in one action to enjoin proceedings in the same court in another action, whether at law or in equity.[5] In Fuentes v. Gaines,[6] Justice Bradley, sitting as Circuit Justice, very aptly observed.

"This is a bill for injunction to stay proceedings in this court.

"I have been unable to find any precedent for such a bill; and I cannot see the necessity for it. If any circumstances exist which render it improper or inequitable to carry on proceedings in this court, they can

---

4. Title 28 U.S.C.A. § 2283, provides: "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."
This section has been construed to preclude the issuance of an injunction in a

Federal Declaratory Judgment Action. Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826. See 142 A.L.R. 8, p. 50, 155 A.L.R. 501, p. 515.

5. 43 C.J.S. Injunctions § 47, p. 498. See 102 A.L.R. 308, p. 311.

6. C.C.D.La., Fed.Cas.No.5,145.

always be brought to the notice of the court by motion or petition in the suit, or may be pleaded in bar or abatement. A formal bill for such a purpose seems to me to be needless litigation, and I shall direct the bill as such to be dismissed, but allow it to stand as a petition in the several suits sought to be suspended, not requiring the complainant to file any formal answer or other pleading thereto."

In Grenada Bank v. Waring, 135 Miss. 226, 99 So. 681, 684, it was stated that

"A court of equity will not enjoin a suit pending in its own court where full relief may be had in the cause initially brought."

The Supreme Court of Alabama has in effect so ruled.

In Auto Mutual Indemnity Co. v. Moore,[7] two actions at law were brought in the Blount County Circuit Court against a contract carrier insured and his insurer.[8] The insurer then filed a bill in equity in the same court asking for declaratory relief and seeking an injunction against the plaintiffs in the suits at law to enjoin them from the further prosecution of those suits. A temporary injunction was issued but later dissolved on motion. The Supreme Court affirmed, holding that the insurer had an adequate remedy in the actions at law.

In Reed v. Fidelity & Casualty Co. of New York,[9] the Alabama Court held that it was proper to grant an injunction, since the insurer was not a party to the damage suit against its insured, but added:

"If the insurance company had been made a party defendant to the damage suit, then there would not have been such equity in the bill as would have supported the injunction.

Auto Mut. Indemnity Co. v. Moore, 235 Ala. 426, 429, 179 So. 368, 370."

Since Musgrove and Cadenhead are parties defendant in the law action, they stand in the precise position as the insurer in Auto Mutual Indemnity Company v. Moore, supra.

It is thus seen that the claim for injunctive relief against Mrs. Southwick lacks substance and is without bearing on the determination of the issue as to the removability of this action.[10]

For the purpose of this suit, Mrs. Southwick should be aligned with the plaintiffs.

I have not overlooked Sansom v. New Amsterdam Ins. Co.,[11] which was a statutory suit [12] by an administrator de bonis non of an estate against an insured and his insurer to reach and apply insurance money in satisfaction of a judgment obtained by the administrator for the death of his intestate. Section 12 of the Act under which the suit was brought provides that the judgment creditors may proceed in equity "against the defendant and the insurance company to reach and apply the insurance money to the satisfaction of the judgment." There the Court said:

"Turning to the bill of complaint, it is at once apparent that complainant has undertaken to state a joint cause of action against these defendants. There can be no doubt under the local law of plaintiff's right to prosecute this action and the same legislative enactment which provides his substantive rights also prescribes a remedy for their enforcement by a suit in equity against insurered and insurer, jointly.

\* \* \* \* \* \*

"Returning to the bill of complaint, there is asserted but a single

---

7. 235 Ala. 426, 179 So. 368.

8. This was at a time when the law provided that the insurer of a contract carrier could be sued before a judgment was rendered first against the insured.

9. 254 Ala. 473, 48 So.2d 773, 776.

10. This is not saying that in an action for declaratory relief as such it is necessary to aver and prove the lack of an adequate remedy at law.

11. D.C.N.D.Ala., 95 F.Supp. 6, 8.

12. Title 28, Sections 11 and 12, Code of Alabama of 1940.

claim pertaining to the satisfaction of a single judgment. Complainant can have but one satisfaction. If he succeeds in obtaining the proceeds of the insurance policy from defendant, insurer, which money, under the allegations of his bill, was assigned to him by operation of law, that will end the litigation. * * "

In view of the foregoing, the motion of Musgrove and Cadenhead to remand be and the same is hereby overruled.