179 So. 368

### AUTO MUT. INDEMNITY CO. v. MOORE et al.

6· Div. 248.

Supreme Court of Alabama.

Jan. 27, 1938.

Rehearing Denied Feb. 24, 1938.

J. P. Mudd, of Birmingham, for appellant.

J. T. Johnson, of Oneonta, for appellees.

428

FOSTER, Justice.

The facts in this case, as set forth by the pleading filed in the cause, are as follows:

The appellant, Auto Mutual Indemnity Company, a foreign corporation duly licensed and authorized to do insurance business in Alabama, issued a contract of automobile liability insurance to Craig Stracener, appellee, which insurance policy was intended to be and was filed by him, as a contract carrier, with the Alabama Public Service Commission under the act of October 28, 1932. Gen.Acts 1932, Ex.Sess., p. 178. On the policy there was an endorsement providing that said insurance policy would not cover injuries and damages to or sustained by any person while riding on the vehicle insured. The policy became effective on April 17, 1936.

On April 24, 1936, the automobile truck insured under said policy of insurance was involved in an accident in Birmingham, Ala. At the time of the accident Roy Moore, then about twelve years of age, an appellee in this cause, was riding in said truck and received substantial personal injuries, including the fracture of a leg. Thereafter, the said Roy Moore, by his next friend and father, J. A. Moore, filed a suit at law for damages for personal injuries in the circuit court of Blount county, Ala., against the said Craig Stracener and the appellant; and the said J. A. Moore, an appellee herein, also filed a suit at law for damages on account of alleged loss of services of and expenses of caring for his said son, the said Roy Moore, said suit being also filed in the circuit court of Blount county, Ala., and against the said Craig Stracener and the appellant.

The appellant took the attitude and contended that the said claims and suits for damages filed by the said appellees, Roy Moore and J. A. Moore, were not covered by its said insurance policy and that it was under no obligation to either of said appellees thereunder in connection with their respective injuries and damages sustained on account of said accident, and also that it was not obligated thereunder to defend or in any manner protect the said Craig Stracener, its insured, in connection with said suits and claims; and further that it was not properly joined as a party defendant in said damage suits. All of the appellees took the attitude that said insurance policy does cover the said claims and suits of said Roy Moore and J. A. Moore for damages on account of said injuries received by said Roy Moore while riding in said truck at the time of said accident; and the said Craig Stracener, the insured under said insurance policy, also demanded that the appellant defend said damage suits and protect him in connection therewith according to the terms and provisions of said insurance policy, despite said endorsement excluding coverage for riders on the vehicle insured thereunder. The appellees Roy Moore and J. A. Moore also contended that the appellant was properly joined as a party defendant in said damage suits.

The aforesaid disputes having arisen between the appellant and the appellees, the appellant filed in the equity division of the circuit court of Blount county, Ala., this suit under the Uniform Declaratory Judgments Act, asking that court to render a judgment or decree declaring the rights, duties, and obligations of the appellant and appellees under said insurance policy with respect to said suits and claims for damages, and particularly as to whether the appellant is obligated thereunder to defend or in any manner protect said Craig Stracener in connection with said claims and suits for damages, and also as to whether the appellant was properly joined as a party defendant in said damage suits. At the time of filing this suit, the appellant prayed for, and the court below granted and issued, writs of injunction against the said Roy Moore and his next friend and attorney of record in his said damage suit and against the said J. A. Moore and his attorney of record in his said damage suit, enjoining them from prosecuting further and proceeding further with the trial of or taking any further action with respect to the aforesaid actions at law brought by them against the appellant and the said Craig Stracener, pending the final determination of this cause and until further orders from said court,

and which writs of injunction were duly executed upon said persons.

The court dissolved the temporary injunction on motion. The appeal is from that decree.

■ The first proposition argued by appellant in brief is that the court committed error in dissolving the injunction when the answer of respondents, which was considered on the motion, was not verified.

The motion to dissolve was made on the grounds that there was no equity in the bill, and because the answer denied the equity of the bill. No answer had then been filed. On the day that motion was heard, an unsworn answer was filed. Objection was made because it was unsworn, and the objection was overruled. The motion to dissolve was then heard, and that included in the submission the answer as expressly stated on the minutes.

The decree of the court was general and did not state whether it was based on a want of equity or on the denials of the answer.

Rule 32, Chancery Practice, provides that, before a motion can be entertained to dissolve an injunction upon the denials of the answer, it must be sworn to. Again it is said that a motion to dissolve confesses the averments of the bill, and, in the absence of a verified answer denying its material averments, can be grounded only on a want of equity in the bill. Burch v. Burch, 231 Ala. 464, 165 So. 387.

An unverified answer on such a submission is therefore as no answer. The decree of the court must be reviewed as if there had been no answer. But, if there was no equity in the bill sufficient to sustain an injunction, there was no error in dissolving it on motion, which has that as one of its grounds.

■ So that the question we have is whether there is such equity in the bill as will support the injunction. The equity of it is sought to be grounded on the Uniform Declaratory Judgments Act of September 7, 1935, page 777.

Suits at law had been filed against appellant's insured, and also against appellant in a joint action. They are sought to be enjoined pending the determination of this suit.

Appellant contends that it is not liable, whether insured is or not, because it contends that the contract rightly interpreted has no coverage which applies to this claim of plaintiff.

Such contention may not be available on demurrer to the complaint because that does not set out those features of the contract on which the contention is made.

But the insurer may, of course, specially and personally plead those provisions of the contract, and have that court determine the question in that case.

In that suit, this insurer must defend the action or allow a judgment by default. It may better serve its purposes to have its liability determined before it must defend that suit, and thereby to adjudge the nature of its duty to defend insured. But the right to pursue this remedy in equity is not controlled by personal convenience to insurer. The trial court could with propriety cause the personal defense of insurer to be determined first, and this would doubtless be the orderly procedure, since it could be done on demurrer to the special pleas in which it would be properly asserted. This would also fix its duty to defend insured or relieve it of such duty.

If the trial is had so that the liability of insurer is not determined in advance, its defense of itself would probably include a defense of the insured. In any event, the question would be tried and determined in a pending cause with ample jurisdiction, where complete relief will be adjudged.

In United States F. & G. Co. v. Hearn, 233 Ala. 31, 170 So. 59, we sustained a suit for a declaratory judgment where insured had been sued alone, there was no suit against insurer, nor other process to determine its duty to defend that suit, and there was an actual controversy with respect to that duty.

The difference between that situation and this is in the fact that in this there is a pending suit where the duty and liability of insurer may be adequately and fully determined. We have never held that after another suit has been begun, if it affords an adequate judicial determination of the question, a suit for a declaratory judgment may supersede it, and withdraw from that suit a decision of the question.

On the other hand, Prof. Borchard declares, in his work on Declaratory Judgments, pp. 179, 180, that "The first court seized of the issues involved, if identical, whether by action for declaration, or other judgment, must be permitted to retain jurisdiction of the case." This has been fully

430

approved in other authorities. 1 Corpus Juris Secundum, Actions, p. 1029; Jefferson County v. Chilton, 236 Ky. 614, 33 S.W. 2d 601; Proctor v. Avondale Heights Co., 200 Ky. 447, 255 S.W. 81; Leafgreen v. La Bar, 293 Pa. 263, 142 A. 224; Bringardner Lumber Co. v. Knuckles, 253 Ky. 292, 69 S.W.2d 345.

While the right to sue the motor operator and insurance carrier jointly is not here directly presented, it is so in a measure, in order to determine if in this suit the insurer has a complete and adequate remedy to present its defense upon the basis of an interpretation of its contract. The action at law is predicated by its terms upon the Motor Carrier Act of 1932, Gen. Acts 1932, Ex.Sess., p. 185, § 26, relating to contract carriers as distinguished from common carriers; although the complaint calls him a common carrier. The terms of that act differ somewhat in its provisions which justify a suit against the insurer from those of the Act of 1927, p. 312, § 5, and of the Act of 1931, pp. 312, 313, § 13.' The latter two acts have been held to justify a joint action against the insurer and insured before a judgment was rendered first against the insured by the injured party, regardless of any restrictions in that respect in the terms of the policy. Hodges v. Wells, 226 Ala. 558, 147 So. 672; McWhorter Transfer Co. v. Peek, 232 Ala. 143, 167 So. 291.

And such an action was also maintained without question in that respect under the act of 1932 here in question. Harbin v. Moore, 234 Ala. 266, 175 So. 264. The opinion cites the cases above, though no point was made that the insured and insurer were jointly sued. A judgment was rendered for defendants in the circuit court and reversed here. While that case is not authoritative as to the point under discussion, it is significant.

The complaint alleges that the insurance policy was conditioned as required by the act of 1932, supra, although it also avers that the operator of the truck was a common carrier rather than a contract carrier. 'But the original bill alleges that he was a contract carrier. So that both agree that the act of 1932 applies, and that the policy was issued and is to be construed in the light of its requirements.

While we have held that such a suit at law as this may be maintained when controlled by the acts of 1927 and 1931, and

have not made such an express ruling as to the act of 1932, we think upon a study of the three acts that there is no occasion to hold that the Legislature intended to make any distinction in the act of 1932 in that respect.

It seems perfectly clear to us that in the action at law the insurer has a full and complete remedy to have its contract interpreted so as to determine whether it covers plaintiff's claim. Until that is settled, the insurer will doubtless desire to defend the suit. If it is held not liable on the coverage, no further duty to defend for the insured exists, and it would not have any further interest in the defense.

Since the circuit court first acquired jurisdiction, and has ample power to decide all questions material to the insurer's rights, its jurisdiction should not be disturbed.

This opinion is substituted for that formerly rendered, and it is withdrawn.

Affirmed. Injunction dissolved.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.