80 So.2d 654

**CANAL INSURANCE COMPANY**

v.

**Fred GILLESPIE et al.**

**8 Div. 774.**

Supreme Court of Alabama.

May 26, 1955.

Peach, Caddell & Shanks, Decatur, for appellant.

W. L. Chenault, Decatur, for appellees.

SIMPSON, Justice.

This is an appeal from a decree denying an injunction as prayed for in a bill for declaratory relief.

Respondents filed complaints in the circuit court of Lawrence County claiming certain injuries and damages resulting from the negligent operation of a motor vehicle on the public streets of Moulton, Alabama, by the following defendants: appellant, Raymond and Reuben Peters, and Elbert Farley. Appellant then filed this bill in equity alleging that the vehicle involved was a common carrier of passengers and sought a declaration as to whether or not it was liable as insurance carrier of Raymond and

630

Reuben Peters. The bill prayed that the action at law be stayed pending the declaration. This prayer was denied, the trial court relying upon the following statement from Reed v. Fidelity & Casualty Co. of New York, 254 Ala. 473, 475–476, 48 So.2d 773, 776: "If the insurance company had been made a party defendant to the damage suit, then there would not have been such equity in the bill as would have supported the injunction", citing Auto Mutual Indemnity Co. v. Moore, 235 Ala. 426, 429, 179 So. 368, 370.

But one differentiating feature between the case at bar and the Auto Mutual case is that at the time of the decision of the Auto Mutual case it was proper to join the insurer of a common carrier of passengers as a party defendant in a tort action against such carrier and the question of whether or not there was a policy in force, etc., could be tried in that action. Such is no longer the law (and was not at the time the Reed case was written). Baggett v. Jackson, 244 Ala. 404, 13 So.2d 572. The foregoing statement and citation in the Reed case had reference to a joinder for that purpose.

In the instant case the insurance company is joined as a party defendant and charged with the operation of the motor vehicle causing the plaintiffs' injuries. It is asserted in brief that there is no possibility that such allegation will be proven. If this be true it could give rise to an ethical question, but as long as the allegation is made we cannot say that the company is improperly joined.

However, we can say that such joinder does not afford the appellant a forum in which to try its liability vel non under the policy in question and therefore it is entitled to a declaratory judgment as to such liability.

An injunction therefore may be issued staying the action at law pending such determination.

Reversed and remanded.

LIVINGSTON, C. J., and GOODWYN and MAYFIELD, JJ., concur.