SEARS, ROEBUCK AND COMPANY, Plaintiff,

v.

Fred BUCE, Horace Davis, N. J. Bell, III, Berney Jones, W. F. Joseph, Fred Marshall, Guy Kelley, Clyde Pearson, William C. Waller, Wilmer M. Peters, Fay W. Peters, Marion Rushton, James T. Stovall, Virginia D. Stovall, Carolyn W. Van Ryzin, John Haardt, Sarah J. Moore, Mrs. James S. Parrish, Mrs. Dorothy Maner, Robert L. Boyd, Arthur Pelzer Webber, Fairview Court Company, Inc., individually and as representatives of a class of persons so numerous as to make it impracticable to bring them all before the Court, and F. A. Gillette, Building Inspector for the City of Montgomery, Alabama, Defendants.

Civ. A. No. 1735-N.

United States District Court

M. D. Alabama, N. D.

Aug. 30, 1961.

Lange, Simpson, Robinson & Somerville, Birmingham, Ala., for plaintiff.

Walter J. Knabe, Montgomery, Ala., for defendant F. A. Gillette.

Rushton, Stakely & Johnston, Montgomery, Ala., Hill, Hill, Stovall & Carter, Montgomery, Ala., for other defendants.

JOHNSON, District Judge.

Sears, Roebuck and Company brings this action for a declaratory judgment, as authorized by Title 28, § 2201 of the United States Code, against some 22 defendants who are property owners residing near the property that is the subject of this litigation. The action is also sought to be maintained against the city building inspector for the City of Montgomery. Sears, Roebuck and Company says that it holds a lease on certain described property at and near the corner of Court and Fairview Streets in Montgomery, Alabama, and that the City Commissioners for the City of Montgomery acted favorably on a petition by it and the lessor-property owners, Fred S. Ball, Charles A. Ball, and Richard A. Ball, to have the property in question rezoned from residential property to business property. The lease was executed in 1958 and runs to October 1, 2009. The lease is conditioned upon this property being rezoned from residential property to business property suitable for the use intended by the plaintiff, Sears, Roebuck and Company.

Sears, Roebuck and Company says that 13 of the individuals named herein as defendants appealed from the action of the City Commission, which action is referred to in this litigation as the rezoning action of June 22, 1960, that from said appeal to the State Circuit Court, the plaintiff Sears, Roebuck secured from the Supreme Court of the State of Alabama a writ of prohibition against Judge Walter B. Jones, Circuit Court Judge, prohibiting him from taking jurisdiction of the appeal from the rezoning action of June 22, 1960.

On June 23, 1961, 3 of the defendants named in this action filed in the Circuit Court of Montgomery County, Alabama, a bill in equity; this bill named as defendants Fred Ball, Charles Ball, Richard Ball, Sears, Roebuck and Company, and Frank A. Gillette, City of Montgomery building inspector. This State court action was amended on July 7, 1961, by adding the City of Montgomery and the three City Commissioners in their official capacities. The State court action alleges that the rezoning action from residential to "local business" uses—which action was, as above stated, on June 22, 1960—was arbitrary, unjust and therefore illegal and unconstitutional. In the State court action, as amended, the plaintiffs seek (1) an injunction restraining the named defendants from using the property in question for any purposes except those purposes authorized prior to the rezoning action of June 22, 1960; (2) an instruction from the Court to the building inspector Gillette to issue no building permits, authorizing the construction of buildings for business uses on the property in question; (3) an injunction restraining the enforcement of the rezoning action of June 22, 1960; and (4) a declaratory judgment to the effect that the rezoning ordinance of June 22, 1960, was arbitrary and unjust and therefore illegal and unconstitutional. The action in this court was filed subsequent to the State court action and on July 12, 1961.

The motion now submitted by the several defendants, said motion being filed herein on July 30, 1961, seeks to have this Court dismiss this action, or, in the alternative, stay this action pending a determination of the issues pending in the State court suit. The basis for defendants' motion is that the complaint fails to state a cause of action, that certain indispensable parties have not been joined as plaintiffs—which joinder would destroy diversity—and that an action involving the same controversy is pending in the Circuit Court of Montgomery County, Alabama, which jurisdiction attached first. The defendants in their motion do not seriously contend that the complaint, as filed by the plaintiff Sears in this Court, fails to state a cause of

action. A study of the complaint convinces this Court that it does state a cause of action upon which relief can be granted and as contemplated by the Declaratory Judgment Act, which Act is codified in Title 28, § 2201 of the United States Code.

■■ As to the movants' contention that the Balls (Fred, Charles and Richard) are indispensable parties and their joinder would eliminate diversity, thereby divesting this Court of jurisdiction, it is appropriate to observe that there is no prescribed formula for determining whether a person is an indispensable party in any given case. The question largely depends upon the nature and extent of the individual's interest in the controversy. Parties are indispensable when they have "such an interest in the subject matter that a final decree cannot be made without either affecting their interest or leaving the controversy in such condition that a final determination may be wholly inconsistent with equity and good conscience. The test of indispensability, therefore, is whether the absent person's interest in the controversy is such that no final judgment or decree can be entered which will do justice between the parties actively before the Court, without injuriously affecting the rights of others not brought into the action." Federal Practice and Procedure, Vol. 2, § 512; Chance v. Buxton, 5 Cir., 1948, 170 F.2d 187; Lawrence v. Sun Oil Co., 5 Cir., 1948, 166 F.2d 466.

When you apply the necessary party rule to the facts in this case, it becomes quite obvious that any decree the Court would make would affect the Balls; however, their being affected would only be incidental to the claim by Sears, Roebuck and Company against the defendant land owners. The fact that the Balls might benefit or suffer from a decree by this Court in this case does not make them indispensable parties within the meaning of Rule 19, Federal Rules of Civil Procedure, 28 U.S.C. Nevertheless, this Court is of the opinion that the matter can possibly be better litigated with the Balls participating as active par-

ties; this they can do in the State court case.

After a thorough study of the action filed in the State court of Montgomery County, Alabama, on June 23, 1961, and amended on July 7, 1961, and a comparison of the allegations and the prayer for relief in that case, with the allegations and the prayer for relief in the case presently before this Court, this Court is convinced that these two actions involve the same controversy, that the jurisdiction of the Circuit Court of Montgomery County, Alabama, attached first, and that this Court should not proceed in this case until said issues have been tried and determined by the Circuit Court of Montgomery County, Alabama. The claimed distinction on the part of Sears, Roebuck and Company between the State court action and this action filed by it in this court is that the State court case seeks no determination of whether Sears' intended use of the property in question is permissible under the action of June 22, 1960, which action rezoned the property in question from "residential" to "local business." Such a distinction does not exist, since the controversy in each case involves, first, the validity of the rezoning action of June 22, 1960, and, second, the right of Sears, Roebuck and Company to use this property for its intended purposes. This second issue necessarily involves the question of whether the intended use by Sears comes within "local business" uses as defined by the rezoning ordinance. The argument advanced by the plaintiff Sears to this Court to the effect that there are only three of their adversaries appearing as plaintiffs against them in the State court action and, therefore, any judicial determination on the part of the State court would be restricted to those three, is a "distinction" without any merit. Alabama Equity Rule 25, Code of Alabama, recompiled 1958, Vol. 3, page 1234, sets forth "the matter and form of the answer" to be used in equity cases in the state courts. Such a rule authorizes Sears, Roebuck and Company, as defendant in that case, to incorporate all the defenses it may

desire to advance. In addition, Alabama Equity Rule 26, Code of Alabama, recompiled 1958, Vol. 3, page 1234, dealing with "cross-bills" authorizes Sears, Roebuck and Company, as defendant in the State court action, to seek and obtain relief against the plaintiff or plaintiffs for any cause connected with or growing out of the matters alleged in the bill of complaint, by alleging in its answer, and as a part thereof, the facts upon which such relief is prayed. The facts set up in the cross-bill "must be considered * * * and be heard at the same time as the original bill." Equity Rule 26 further provides: "When the presence of parties other than those to the original bill is required for the granting of complete relief, such outside persons may be made defendants to a cross-bill incorporated in the answer or otherwise."

■ As this Court observed above, there is no merit in the defendants' motion to dismiss, since the facts as alleged by the plaintiff Sears in this case show a substantial controversy, real and immediate, between the parties that have various legal interests, according to the allegations of the bill. Maryland Casualty Company v. Pacific Coal & Oil Co., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826. The several elements necessary to the granting of declaratory relief under the Federal Declaratory Judgment Act are: (1) a real and substantial controversy, (2) justiciable in character, (3) touching the legal relations of the parties having adverse legal interests, and (4) admitting of specific relief through a decree conclusive in character as distinguished from an advisory opinion. Aetna Life Insurance Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617. Each of these elements is alleged in the complaint of Sears. However, the granting of a declaratory judgment rests in the sound discretion of the trial court, and it is always proper for the court to strike the proper balance between the needs of the plaintiff and the consequences of awarding the desired relief. Public Service Commission of Utah v. Wycoff Co., 344 U.S. 237, 73 S.Ct.

236, 97 L.Ed. 291; Brillhart v. Excess Insurance Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620.

■ An important consideration, when it is presented, in determining whether declaratory relief should be granted is whether the granting of the relief will give rise to unnecessary interference with state court litigation. Where a state court suit is already pending, as it is in this case, in which all matters in controversy between the parties can be fully adjudicated, as it can be in this case, a federal court may decline to entertain an action for declaratory judgment. Kerotest Mfg. Co. v. C-O-Two Fire Equipment Co., 342 U.S. 180, 72 S.Ct. 219, 96 L.Ed. 200. In this connection, the United States Court of Appeals for the Fifth Circuit stated in Employers' Liability Assur. Corp. v. Mitchell, 1954, 211 F.2d 441, 443, certiorari denied 347 U.S. 1014, 74 S.Ct. 869, 98 L.Ed. 1137:

"The granting of relief by declaratory judgment is a matter within the sound discretion of the court. As a procedural remedy, the federal declaratory-judgments act, 28 U.S.C.A. §§ 2201, 2202, operates independently of state law; but a federal court, in exercising its discretion to grant or refuse relief, should avoid needless conflict with other courts, state or federal. Declaratory relief should not be denied simply because another remedy is available, but it may properly be refused where the alternative remedy is better or more effective. The respective dates of filing do not always furnish the criteria, but the important question is whether the circumstances at the time of the determination are such as to make useless the further prosecution of the suit for declaratory judgment.

"In the instant case, the declaratory relief asked for presents issues which would necessarily be settled by the suit pending in the state court, and which in fact are now pending before the state appellate court. We agree with the court below that it would serve no useful purpose to en-

tertain a suit for declaratory relief in this case, since the issues in controversy can be settled better in the pending case in the state court. Brillhart v. Excess Insurance Co., 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620; Great Lakes Dredge & Dock Co. v. Huffman, 319 U.S. 293, 63 S.Ct. 1070, 87 L.Ed. 1407; Public Service Commission of Utah v. Wycoff Co., 344 U.S. 237, 73 S.Ct. 236, 97 L.Ed. 291; Franklin Life Ins. Co. v. Johnson, 10 Cir., 157 F.2d 653; Chicago Furniture Forwarding Co. v. Bowles, 7 Cir., 161 F.2d 411; Yellow Cab Co. v. City of Chicago, 7 Cir., 186 F.2d 946; Western Assur. Co. v. Simmons, 5 Cir., 189 F.2d 112."

This Court is led to the conclusion that the exercise of a sound discretion in this case requires the staying of this proceeding until the matter can be litigated in the Circuit Court of Montgomery County, Alabama.