133 So.2d 497

Monte B. FOREMAN

v.

J. Craig SMITH et al.

7 Div. 512.

Supreme Court of Alabama.

Sept. 21, 1961.

Jenkins & Cole, Birmingham, for appellant.

Thos. Reuben Bell, Sylacauga, for appellees.

LAWSON, Justice.

In September of 1959 Monte B. Foreman entered into a contract with Mede Cahaba Stable, a partnership composed of Mignon C. Smith and Carol W. Schley, under the terms of which Foreman was employed by the partnership as Director of Horsemanship for a period of one year commencing September 1, 1959.

Mede Cahaba Stable, hereinafter sometimes referred to as the Stable, is a business in Shelby County where horseback riding is taught and practiced and where horses are boarded, trained and rented.

Under the contract it was Foreman's duty to train and instruct student riders and other horsemanship instructors employed by the Stable; to train and school horses owned by the Stable as well as horses owned by customers of the Stable and by Mede Cahaba Stud, a partnership composed of Mignon C. Smith and J. Craig Smith; to conduct riding clinics and to show movies in connection with the operation of the Stable; and to perform such other duties as might be agreed upon by Foreman and the Stable.

The contract provided for the payment to Foreman of a monthly salary of $750 and one-sixth of the annual net profit of the Stable. It also provided for Foreman to receive a percentage of the net profit derived from the sale of horses that were trained by Foreman, whether owned by the Stable, by Mede Cahaba Stud, or by either

partner of the Stable. The contract also provided that the Stable would board up to six horses owned by Foreman.

The contract contemplated that Foreman was to spend a part of his time in the preparation of movies, books, articles and other writings for publication and in conducting riding clinics away from the premises of the Stable. Foreman agreed to pay to the Stable twenty-five percent of the net profit received from such activities.

On December 31, 1959, Carol W. Schley conveyed her interest in the Stable to J. Craig Smith, the father of Mignon C. Smith. It was provided in the conveyance, in part, as follows:

"* * * 4. That J. Craig Smith assumes and agrees to pay all expenses and obligations of the business, as same mature, so that Carol Schley will have no further liability relative thereto, including, but not limited to, the specific matters hereinafter referred to;

\* \* \* \* \* \*

"6. That J. Craig Smith agrees to hold Carol Schley harmless from any liability growing out of the employment contract of Monte B. Foreman; \* \* \*."

In January of 1960 J. Craig Smith, acting for the Stable, discharged Foreman.

On February 22, 1960, Foreman filed suit for $10,000 damages in the Circuit Court of Jefferson County against Mede Cahaba Stable, Mignon C. Smith, Carol W. Schley, J. Craig Smith and others claiming that the discharge was a breach of his contract of employment.

On March 19, 1960, Carol W. Schley filed a bill in the Circuit Court of Talladega County against J. Craig Smith and Mignon C. Smith, individually, and as partners doing business as Mede Cahaba Stable and as Mede Cahaba Stud and against Monte B. Foreman.

It was alleged in that bill that the complainant, Schley, is a resident of Jefferson County; that the respondents J. Craig Smith and Mignon C. Smith are residents of Talladega County; that the respondent Foreman is a resident of Shelby County, where the partnership businesses are conducted.

The bill alleged that the complainant, Schley, is not indebted to or due to pay any sums of money to Foreman; that any sum owed Foreman as a result of his employment or discharge is due to be paid by J. Craig Smith under the purchase agreement; that although the complainant is not liable to Foreman, he will prosecute his suit for damages against Schley and others in the Circuit Court of Jefferson County unless restrained by the court, thereby causing Schley great embarrassment, annoyance and expense; that unless Foreman is restrained by the court he will file other and additional lawsuits against the complainant, monthly, until September 1, 1960, and possibly thereafter.

The bill further alleged that there was an actual controversy between the complainant, Schley, and the respondents upon which substantial property rights are dependent.

The bill prayed for a temporary writ of injunction or temporary restraining order restraining the respondents and their agents, servants and employees from prosecuting the damage suit in the Circuit Court of Jefferson County or taking or requesting any orders or hearings therein and from filing or attempting to file and prosecute any other lawsuit against the complainant, Schley, growing out of her association with the Stable.

The bill prayed that on final hearing the court make permanent the temporary injunction or restraining order prayed for and enter a decree declaring the rights, status or other legal relation of the parties under the contract between the Stable and Foreman and under the purchase agreement of J. Craig Smith from the complain-

ant, Schley, and under and in relation to the damage suit pending in the Circuit Court of Jefferson County; that the court make and enter a decree declaring that the complainant, Schley, is not indebted to Foreman in any amount and that she should be dismissed as a party defendant in the lawsuit pending in the Circuit Court of Jefferson County and that such sums, if any, as should be paid to Foreman should be paid by J. Craig Smith, and for general relief.

On March 25, 1960, J. Craig Smith and Mignon C. Smith, individually and as partners doing business as Mede Cahaba Stable and also as partners doing business as Mede Cahaba Stud, filed their answer and cross bill, to which they made Carol W. Schley and Monte B. Foreman cross-respondents.

The cross bill prayed, among other things, for a temporary injunction restraining Foreman and Schley from making any appearance or proceeding in the damage suit filed by Foreman in the Circuit Court of Jefferson County, to which reference has been made.

Carol W. Schley thereafter filed a motion to dismiss her original bill.

Monte B. Foreman filed a plea in abatement to the cross bill. Cross-complainants filed a motion to strike the plea in abatement.

Foreman interposed demurrer to the cross bill.

On May 31, 1960, the trial court rendered a decree wherein Carol W. Schley's motion to dismiss her original bill was granted. The cross-complainants' motion to strike Foreman's plea in abatement was granted. The temporary injunction prayed for by the cross-complainants was granted. Foreman's demurrer to the cross bill was overruled.

Foreman has appealed to this court from the decree rendered on May 31, 1960, and has assigned as error the action of the trial court striking his plea in abatement, grant-

ing the temporary injunction, and overruling his demurrer to the cross bill.

■ But the appellant, Foreman, has argued in his brief only assignments of error which question the action of the trial court in overruling his demurrer to the cross bill. The other assignments of error will not be treated. They are considered as waived. Romano v. Thrower, 261 Ala. 361, 74 So.2d 235.

■ The demurrer was addressed to the cross bill as a whole, so, if any aspect is good as against the argued grounds of demurrer, the decree overruling the demurrer to the cross bill will not be disturbed. Sellers v. Valenzuela, 249 Ala. 627, 32 So.2d 517; Percoff v. Solomon, 259 Ala. 482, 67 So.2d 31, 38 A.L.R.2d 1100; Reeves v. Little, 262 Ala. 411, 79 So.2d 55; Kirkland v. Hub City Finance Co., 267 Ala. 367, 102 So.2d 11.

■ The cross bill alleges the age and residence of the parties, the organization of the Stable, the employment of Foreman by the Stable (copy of the contract of employment is made a part of the cross bill), the purchase by J. Craig Smith of Carol W. Schley's interest in the Stable (copy of the conveyance is made a part of the cross bill); and the filing of the suit by Foreman in the Circuit Court of Jefferson County.

The cross bill sets out at some length the reasons why Foreman was discharged and it alleged compliance by the cross-complainants with the employment contract.

After averring that there is an actual controversy between the parties upon which substantial property rights are dependent, the cross bill prayed that the court render a declaratory judgment construing the employment contract and make a declaration of the rights, duties or other legal relations of the parties under that contract; that the court declare that the cross-complainants are not indebted to Foreman in any amount, but that Foreman is indebted to cross-complainants and that he be directed to pay the Stable such sums found to be due; that the court direct Foreman to dismiss his damage suit filed in the Circuit Court of Jefferson County.

We are of the opinion that the argued grounds of demurrer to the effect that the cross bill is without equity in so far as it seeks a declaratory judgment were well taken and should have been sustained. The cross bill shows on its face that there was pending in the Circuit Court of Jefferson County a suit brought by Foreman against the cross-complainants wherein the same identical issues may be adjudicated.

In the case of Auto Mutual Indemnity Co. v. Moore et al., 235 Ala. 426, 179 So. 368, the insurance company insured the truck belonging to one Strachner and the vehicle was involved in an accident injuring the plaintiff, who was riding in the truck. Plaintiff through his father and next friend filed a suit at law against Strachner and his insurance carrier for damages for personal injuries. Thereafter the insurance company filed a bill for declaratory judgment on the equity side of the court seeking a construction of the insurance policy, claiming that if rightly interpreted the contract did not provide coverage and hence the insurance carrier was not liable.

We held that in the action at law the insurance company had a full and complete remedy to have its contract interpreted so as to determine whether it covered the plaintiff's claim and that since the circuit court at law first acquired jurisdiction and had ample power to decide all questions material to the insurer's rights, its jurisdiction should not be be disturbed. We said in part as follows:

"In United States F. & G. Co. v. Hearn, 233 Ala. 31, 170 So. 59, we sustained a suit for a declaratory judgment where insured had been sued alone, there was no suit against insurer, nor other process to determine its duty to defend that suit, and there

was an actual controversy with respect to that duty.

"The difference between that situation and this is in the fact that in this there is a pending suit where the duty and liability of insurer may be adequately and fully determined. *We have never held that after another suit has been begun, if it affords an adequate judicial determination of the question, a suit for a declaratory judgment may supersede it, and withdraw from that suit a decision of the question.* (Emphasis supplied)

"On the other hand, Prof. Borchard declares, in his work on Declaratory Judgments, pp. 179, 180, that 'The first court seized of the issues involved, if identical, whether by action for declaration, or other judgment, must be permitted to retain jurisdiction of the case.' This has been fully approved in other authorities. (Authorities cited.)" 235 Ala. 429–430, 179 So. 368, 370.

Our holding in Auto Mutual Indemnity Co. v. Moore, supra, was not overruled in our recent case of Canal Insurance Co. v. Gillespie, 262 Ala. 629, 80 So.2d 654, nor was the rule there stated in any wise changed by the 1947 amendment to § 167, Title 7, Code 1940. See Act No. 604, approved October 9, 1947, Acts 1947, p. 444.

The distinction between Auto Mutual Indemnity Co. v. Moore and Canal Insurance Company v. Gillespie is pointed out in the opinion in the latter case and need not be repeated here.

■ The 1947 amendment of § 167, Title 7, supra, was designed to abrogate our ruling in L. W. Richardson & Co. v. Town of Hamilton, 248 Ala. 585, 28 So.2d 924, and other cases which held that relief under the declaratory judgment act depended on the absence of another adequate remedy. It has no application to the instant case where there was an existing suit at the time the declaratory judgment proceeding was instituted.

■ The holding in Auto Mutual Indemnity Co. v. Moore, supra, is in accord with the rule which prevails generally, which is that jurisdiction of a declaratory judgment action will not be entertained if there is pending at the time of the declaratory action another action or proceeding to which the same persons are parties, in which are involved and may be adjudicated the same identical issues that are involved in the declaratory action. See Annotation, 135 A.L.R., p. 934.

■ In the suit at law pending in the Circuit Court of Jefferson County the cross-complainants here can defend on the ground that Foreman was rightly discharged and may file pleas of set-off and recoupment if they so desire. §§ 350, 352, Title 7, Code 1940; Burnett & Bean v. Miller, 205 Ala. 606, 88 So. 871.

In support of the prayer for injunctive relief, the cross bill alleges:

" * * * cross-complainants are informed and believe, and on such information and belief allege and charge that unless restrained by this Court that Monte B. Foreman will prosecute his lawsuit, Number 48709–X, in the Circuit Court of the Tenth Judicial Circuit of Alabama [Jefferson County], against your cross-complainants, unless immediately restrained by this Court, causing them great embarrassment and annoyance and expense, all to their irreparable injury;

" * * * and your cross-complainants are informed and believe, and on such information and belief allege and charge that, unless immediately restrained by this Court, that Monte B. Foreman will file other additional lawsuits against your cross-complainants, monthly, until and after September 1, 1960, which additional lawsuits will cause your cross-complainants great embarrassment and annoyance and expense, all to their irreparable injury; * * *."

**630**

The mere fact that the cross-complainants will be embarrassed, annoyed and put to expense if Foreman is permitted to continue with his suit in the Circuit Court of Jefferson County is not sufficient ground for the equity court to enjoin the suit at law. The bare allusion to threatened suits is too vague and indefinite to add anything to this alleged ground of equity. Attalla Mining & Mfg. Co. v. Winchester, 102 Ala. 184, 14 So. 565.

In our opinion the cross bill fails to make out a case for the issuance of the injunction as prayed. The bill is without equity in so far as it seeks injunctive relief.

The cross bill fails to show a status of mutual accounts existing between the complainant and respondent, except perhaps by way of conclusion. Wooten v. Wooten, 270 Ala. 191, 117 So.2d 192. Nor are any facts alleged to show complicated accounts which a jury could not examine and state with requisite accuracy. There is no such complexity of intricacy in the accounts, appearing from the averments of fact in the bill (outside of mere statement of the pleader's conclusion), as show a necessity for a resort to equity for a statement thereof. Attalla Mining & Mfg. Co. v. Winchester, supra; Comer v. Birmingham News Co., 218 Ala. 360, 118 So. 806; Walthall v. Anderson, 215 Ala. 264, 110 So. 299.

We entertain the view that the so-called aspect of the cross bill which sought an accounting is without equity.

Since we have concluded that the bill is without equity in any of its aspects, it follows that the decree of the trial court must be reversed and the cause remanded with directions to dissolve the temporary injunction heretofore issued.

Reversed and remanded with directions.

LIVINGSTON C. J., and MERRILL and COLEMAN, JJ., concur.