Arthur Dixon and Fred Williams were involved with the same woman. At a party, attended by all three, Dixon shot Williams to death. In the process, Clifford Smith was also wounded. Smith sued Dixon alleging negligence and wantonness. Dixon called upon his insurer, North River Insurance, to defend the action. North River refused, claiming that the shooting was excluded by the terms of its homeowners policy with Dixon. The insurer filed a declaratory judgment action, and joined as defendants the parties to the tort action, to determine whether it had a duty to defend and whether the policy covered the incident. The trial court enjoined the litigation of the tort action pending disposition of the declaratory judgment action.
The policy provisions pertinent here are as follows:
"COVERAGE E — PERSONAL LIABILITY
 "This Company agrees to pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of bodily injury or property damage, to which this insurance applies, caused by an occurrence. This Company shall have the right and duty, at its own expense, to defend any suit against the Insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, but may make such investigation and settlement of any claim or suit as it deems expedient. . . ." (Emphasis Added)
"ADDITIONAL DEFINITIONS
". . . *Page 315 
 "5. `occurrence': means an accident, including injurious exposure to conditions, which results, during the policy term, in bodily injury or property damage." (Emphasis Added)
"EXCLUSIONS
". . .
"1. Under Coverage E — Personal Liability
". . .
 "f. to bodily injury or property damage which is either expected or intended from the standpoint of the insured.
North River contended that the injuries to Smith were expected or intended from the standpoint of Dixon and thereby excluded under the policy.
Motions for summary judgment by both sides were denied, and the issues were tried to a jury. The jury found that there was no coverage under the terms of the policy, and no duty to defend on the part of North River. The defendants filed a motion for judgment notwithstanding the verdict or, in the alternative, for new trial. Their motion was denied and this appeal followed.
The appellants argue that the trial court should have dismissed the declaratory judgment action because the question of Dixon's intent was at issue in the tort action pending between Smith and Dixon; that the court should not have entered judgment in favor of the insurer in the declaratory judgment while the possibility existed that a claim may be asserted against its insured which is covered by the terms of the policy; and finally, that the jury's verdict was against the preponderance of the evidence.
Appellants are correct that an action for declaratory judgment may not supersede the determination of an issue already pending in another action filed prior to the declaratory judgment. Sparks Construction Co., Inc. v. GeneralMut. Ins. Co., 334 So.2d 897 (Ala. 1976); Auto Mut. Ind. Co. v.Moore, 235 Ala. 426, 179 So. 368 (1938).
This is not such a case, however. The issue raised in the declaratory judgment action was whether the insurance company was obligated, under the policy provisions, to defend the action brought by Smith against his insurer. This issue turned on whether the injury, the basis of the personal injury suit, was "expected or intended," as those terms are used in the contract between the insurance company and its insured. That is not the issue in the personal injury suit.
In Hartford Fire Ins. Co. v. Blakeney, 340 So.2d 754 (Ala. 1976), the same procedure was followed. There, the insured pushed an individual out of a door, causing him to fall down several steps and strike his head on a concrete patio. The injury resulted in permanent brain damage. The injured person sued the insured who demanded that his insurer defend. The insurer filed a declaratory judgment action to determine whether the injury was excluded from coverage and whether it had a contractual obligation to defend the tort action under an exclusionary clause identical to that contained in the policy here. The trial court submitted to a jury the question of whether the injury was accidental and, therefore, covered by the policy, or whether it was expected or intended within the terms of the specific exclusion. The jury found that the injury was unintended and unexpected from the standpoint of the insured and, therefore, the insurer was required to defend the pending action. On appeal, we affirmed, saying:
 ". . . Certainly it was the province of the jury to determine that Blakeney [insured] never expected or intended Combs would suffer serious and extensive brain damage as the end result of being pushed from the doorway.
". . .
 ". . . We cannot say, as a matter of law, the injury suffered by Combs was not accidental; the result of an accident within the terms of the policy, not expected or intended from the standpoint of the insured, Blakeney. This was a question of fact for the jury about which it was properly instructed by the trial court as to applicable law." (340 So.2d at 755-756) *Page 316 
The same is true here. The issue of whether the injury suffered by Smith was "expected or intended" from the standpoint of the insured was tried to a jury, which was properly instructed as to the applicable law. We cannot say here, as a matter of law, that the injury was not expected or intended from the standpoint of the insured.
Contrary to appellants' argument, Ladner Co. v. SouthernGuaranty Ins. Co., 347 So.2d 100 (1977), does not compel a different conclusion. In that case, the insurer denied coverage and brought an action for declaratory judgment to determine its obligation to defend the suit against insured. The complaint against the insured alleged that the insured had sold the plaintiffs houses with knowledge that they would flood. In the declaratory judgment action, the trial court granted the insurer's motion for summary judgment based upon the complaint in the damage suit and the exclusion in its policy. We affirmed in part and reversed in part, holding that, as presently postured, the insurer had no duty to defend because the complaint against the insured charged only intentional injury, and the summary judgment had been granted based upon those allegations and the policy exclusion. We noted in remanding, however, that the complaint might be amended to charge the insured with acts not excluded by the policy. No factual issue was resolved in the declaratory judgment action. Such is not the case here.
Neither are we persuaded that the jury verdict is against the preponderance of the evidence. There was evidence from which it could have concluded that Dixon expected or intended to injure Smith. Although the witnesses to the incident gave different versions of it, there was evidence to support the jury's verdict.
Finding no error to reverse, the judgment appealed from is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.