On July 1, 1977, Barbara Mathis was riding as a passenger on a motorcycle driven by Russell Mathis, when they collided with an automobile operated by James Edward Fountain, an uninsured motorist. She was severely injured. At the time of the accident, she lived with her mother and stepfather, Archie W. Gilley, and owned her own car, which was not covered by uninsured motorist insurance. Her stepfather, however, was the named insured on a policy of automobile insurance issued by Auto-Owners Insurance Company, which insured five separate automobiles owned by Gilley, and provided uninsured motorist coverage. The policy defines "insured" to include:
 (A) the first named insured if an individual and not a corporation, firm or partnership, and while residents of the same household, the spouse of the first named insured and, if not owning any automobile, the relatives of either. [Emphasis ours.]
The motorcycle on which Mathis was riding when injured was covered by uninsured motorist insurance, and she has collected on that policy.
In May, 1979, Mathis filed suit against Auto-Owners, alleging negligent or wanton injuries caused by an uninsured motorist, and claiming uninsured motorist coverage under the policy of insurance issued by Auto-Owners to her stepfather, Archie Gilley. Auto-Owners then filed a bill for declaratory judgment against Mathis, asking that her lawsuit be enjoined pending a determination of whether coverage was afforded her under the policy in question. Prosecution of that lawsuit was enjoined, and Auto-Owners' subsequent motion for summary judgment was granted on December 21, 1979. Mathis then initiated this appeal.
Appellant makes two contentions on appeal: (1) that the declaratory judgment was improper because at the time of the filing of the bill, there was an existing suit involving the identical parties and the identical subject matter; and (2) that the limitation of coverage under the policy to resident relatives of the named insured who do not own a car violates the Alabama Uninsured Motorist Act. We agree that the trial court acted improperly in entertaining the declaratory judgment action. Jurisdiction of a declaratory judgment action will not be entertained if there is pending at the time of the declaratory judgment action another action or proceeding to which the same persons are parties, and in which are involved and may be adjudicated the same identical issues that are involved in the declaratory judgment action. Foreman v. Smith,272 Ala. 624, 133 So.2d 497 (1961). In Auto Mutual IndemnityCo. v. Moore, 235 Ala. 426, 179 So. 368 (1938), plaintiff filed a suit at law against the owner of a truck in which plaintiff was injured and against the owner's insurance carrier. The insurance company filed a bill for declaratory judgment seeking a declaration that the contract did not provide coverage and that the carrier was thus not liable. It was held that the insurer had a full and complete opportunity to have its contract interpreted to determine coverage in the action at law, and that because the circuit court at law had first acquired jurisdiction and had ample power to decide all questions material to the insurer's rights, its jurisdiction should not be disturbed. The facts in that case are not materially different from those of the instant case. The issue to be litigated in both the action filed by Mathis and the declaratory judgment action is the same — coverage — and the parties are identical. An action for declaratory judgment may not supersede the determination of an issue already pending in another action filed prior to the declaratory judgment. GeorgeMoulton, Inc. v. Langan, 285 Ala. 427, 233 So.2d 74 (1970).
Smith v. North River Ins. Co., 360 So.2d 313 (Ala. 1978), is not to the contrary. That case held that an insurer could bring a *Page 168 
declaratory judgment action during the pendency of a suit against its insured to determine whether the carrier was required to defend its insured in the action at law. The issue to be resolved in the declaratory judgment action — duty to defend — was different from that involved in the action against the insured — his liability for the plaintiff's injuries. To require the insurer to litigate the issue of duty to defend in the action against the insured would possibly subject it unnecessarily to suit.
We agree, however, with the trial court's determination that Mathis was not covered under the policy of insurance issued by Auto-Owners, and that the definition of "insured" does not violate the Alabama Uninsured Motorist Act, Code 1975, §32-7-1, et seq. Code 1975, § 32-7-23, provides that:
 No automobile liability . . . policy . . . shall be delivered or issued . . . in this state . . . unless coverage is provided therein . . . for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury . . . including death. . . . [Emphasis ours.]
Mathis is clearly not defined as an insured under her stepfather's policy. She contends, however, the phrase, "if not owning any automobile," inserted by the company in defining persons insured under the policy, violates the Uninsured Motorist Act. She asserts that cases such as Ala. Farm Bur.Mut. Cas. Ins. Co. v. Mitchell, 373 So.2d 1129 (Ala. 1979), wherein it was said:
 [T]he Legislature could have authorized exclusions in the uninsured motorist statute but not having done so, no such exclusions are permitted. The inclusion of such provisions in the uninsured motorist section of an automobile liability insurance policy tends to limit or restrict the uninsured motorist coverage and thereby conflicts with the Act.
invalidate that provision of the insurance policy. That case, however, and related cases to which we are referred, such asSafeco Insurance Co. of America v. Jones, 286 Ala. 606,243 So.2d 736 (1970), and State Farm Fire and Casualty Co. v.Lambert, 291 Ala. 645, 285 So.2d 917 (1973), invalidated policy provisions which limited benefits available to persons injured by uninsured motorists, or excluded certain vehicles from coverage. Such is not the case here. We are cited to no case which holds that the Uninsured Motorist Act limits the ability of insurers to define who is insured. To the contrary, inLammers v. State Farm Mutual Automobile Ins. Co., 48 Ala. App. 36, 261 So.2d 757 (1972), the issue was discussed in the following terms:
 The Supreme Court of this state has consistently upheld the "household exclusion" clause of liability policies, thereby establishing a judicial policy in this state that insurance companies may by appropriate exclusions and exclusionary definitions protect themselves from friendly family lawsuits. What availeth it to an insurance company to escape liability under the "household exclusion" clause and then finds [sic] itself caught in the net of the "uninsured motorist" clause? If the legislature, knowing the judicial policy of the courts of this state with reference to "household exclusion" clauses, had seen fit to make "uninsured motorist" coverage nullify, in practical effect, such "household exclusion" clauses, it surely would have done so when it adopted the "Uninsured Motorist Coverage" statute, supra.
We hold that the trial court erred in not granting the appellant's motion to dismiss the declaratory judgment action. However, it ruled correctly on the issue of coverage, although this determination should have been made in the suit begun by the appellant against Auto-Owners. Given the posture of the case before us, we think it appropriate to reverse the judgment with directions that a judgment consistent herewith be entered in the case filed by Mathis against Auto-Owners. Although the Court below should not have reached the coverage question (because it should not have entertained the declaratory judgment action), *Page 169 
nevertheless, having done so, it would be redundant to retry that issue. This comports with the spirit of the rules expressed in Rule 1, ARAP.
REVERSED AND REMANDED WITH DIRECTIONS.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.