John Plemons, a volunteer fireman with Hillview 78 West Fire District, was injured when the firetruck in which he was a passenger ran off the road and wrecked. At the time of the accident the firetruck was being driven by Harold Sheelor, a full-time employee of Hillview. In his suit against Hillview and Sheelor, Plemons alleged that he was not an employee of Hillview. Both defendants denied this allegation and asserted that, because Plemons was an employee at the time of the accident, his claims were barred by the Workmen's Compensation laws of the State.
During the pendency of Plemons' suit, Home Insurance Company sought judicial *Page 44 
declaration of its duty to defend and pay under an insurance policy issued to Hillview. Specifically, Home sought a declaration that Plemons was an employee at the time of the accident so that Home could invoke the policy provision which excluded coverage
 (c) To bodily injury to any employee of the Insured arising out of and in the course of employment by the Insured, . . .;
 (d) To any obligation for which the Insured or any carrier as his insurer may be held liable under any Workmen's Compensation, Unemployment Compensation or Disability Benefits law, or under any similar law.
Upon consideration of the pleadings, testimony and evidence submitted, the trial judge found:
 Whether Plemons was an employee of the Fire District at the time of the accident is a material issue to his right to claim damages against the Fire District for negligent injuries. . . . [T]his issue is also an asserted defense by the Fire District in the tort action. Plemons' status at the time may also be a material issue in his claim against Sheelor because it will be from that status, as found by the jury in the tort action, that Sheelor's duty to Plemons will have to be determined. It is, therefore, clear that the issue is the same in both actions.
 A declaratory judgment as to insurance coverage requiring an adjudication of the same issue as that in a prior pending action is not appropriate. "To permit otherwise would sanction this use of declaratory judgment act as a vehicle to determine the sufficiency of defenses to a pending action." Sparks Const. Company, Inc. v. General Mut. Ins. Co., 334 So.2d 897, (Ala.)
. . . .
 The court cannot and should not, however, determine at this stage of the proceedings the insurer's obligation to pay any judgment that may be rendered on behalf of Plemons in his tort action. This adjudication will have to await the outcome of that action and an adjudication there of the "employee" issue.
Consequently, the court denied Home's requested declaratory relief and decreed that Home was obligated to defend Hillview and to employ separate counsel for Sheelor's defense.
Home contends declaratory judgment should have been granted and that the court's reliance upon Sparks, supra, is misplaced. We disagree.
The availability of declaratory judgment as a means of establishing an insuror's liabilities and duties vis-a-vis an insurance policy during the pendency of a suit against an insured and to which the insuror has not been made a party has long been recognized by the courts of this State. See, e.g.,Mathis v. Auto-Owners Ins. Co., 387 So.2d 166 (Ala. 1980);Smith v. North River Ins. Co., 360 So.2d 313 (Ala. 1978);Ladner Co. v. Southern Guaranty Ins. Co., 347 So.2d 100 (Ala. 1977); Sparks Construction Company, Inc. v. General Mut. Ins.Co., 334 So.2d 897 (Ala. 1976); Foreman v. Smith, 272 Ala. 624,133 So.2d 497 (Ala. 1961); Canal Ins. Co. v. Gillespie,262 Ala. 629, 80 So.2d 654 (1955); Reed v. Fidelity Casualty Co.of New York, 254 Ala. 473, 48 So.2d 773 (1950); State Farm Mut.Automobile Ins. Co. v. Cardwell, 250 Ala. 682, 36 So.2d 75
(1948); Auto Mut. Indemnity Co. v. Moore, 235 Ala. 426,179 So. 368 (1938); United States Fidelity Guaranty Co. v. Hearn,233 Ala. 31, 170 So. 59 (1936). As a prerequisite to declaratory judgment, the pending suit against the insured must be postured so that it does not afford an adequate judicial determination of the insuror's rights and liabilities. Thus:
 Jurisdiction of a declaratory judgment action will not be entertained if there is pending at the time of the declaratory judgment action another action or proceeding to which the same persons are parties, and in which are involved and may be adjudicated the same identical issues that are involved in the declaratory judgment action.
Mathis v. Auto-Owners Ins. Co., 387 So.2d 166, 167 (Ala. 1980) (citing Foreman v. Smith, 272 Ala. 624, 133 So.2d 497 (1961)). *Page 45 
We recognize that Home is not a party to Plemons' suit against Hillview and Sheelor. That fact alone, however, does not entitle Home to declaratory judgment. The controlling factor in this case — and the factor which distinguishes this case from those relied upon by Home — is that the identical "employee" issue is presented in both the suit for declaratory judgment and the pending action. That fact, coupled with the wide discretion vested in the trial judge in declaratory judgment actions, Stonewall Ins. Co. v. Sessions, 404 F. Supp. 858
(S.D.Ala. 1975); Sullivan v. Alabama State Bar, 295 F. Supp. 1216
(M.D.Ala. 1969); Sears, Roebuck Co. v. Buce, 197 F. Supp. 136
(M.D.Ala. 1961), compels the conclusion that the trial judge properly denied Home's requested relief and that his judgment is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, EMBRY and ADAMS, JJ., concur.