**Acie HORTON, Petitioner-Appellant,**

**v.**

**Lynn BOMAR, Warden, Tennessee State Penitentiary, Nashville, Tennessee, Respondent-Appellee.**

**No. 15785.**

United States Court of Appeals
Sixth Circuit.

Aug. 21, 1964.

J. Allen Gehrig, Cincinnati, Ohio, court appointed, for appellant.

George F. McCanless, Atty. Gen., of Tennessee, Henry C. Foutch, Asst. Atty. Gen., Nashville, Tenn., for appellee.

Before CECIL and O'SULLIVAN, Circuit Judges, and BROWN, District Judge.

PER CURIAM.

This appeal is from an order of the United States District Court for the Middle District of Tennessee denying the appellant's petition for a writ of habeas corpus. The appellant was convicted in the Criminal Court of Shelby County at Memphis, Tennessee, of the crime of rape. He was sentenced to seventy-five years imprisonment in the State penitentiary.

■ The appellant now wants out. He probably does not understand that the granting of his petition for a writ of habeas corpus would not be an open gate to freedom. It only means a retrial on the original indictment.

■ The appellant presented three points in his brief to the District Court, only two of which are now argued before us by court appointed counsel. The appellant claimed that the statute under which he was convicted was void because of the mal-apportionment of the Tennessee Legislature at the time of its enactment. This claim is without merit. Dawson v. Bomar, 322 F.2d 445 (CA 6), cert. denied, 376 U.S. 933, 84 S.Ct. 705, 11 L.Ed.2d 653.

■ One of the claims made on behalf of the appellant is that he was denied the right by the prosecuting authorities to be examined by a medical examiner to test whether or not he committed the crime of rape. Counsel for appellant interprets this phraseology to mean physical capacity to commit rape. Physical incapacity to commit the crime is a matter of defense. We find no reference to any testimony of the appellant that he lacked physical capacity to commit the crime with which he was charged. Counsel seeks to supply this lack of testimony by saying that the appellant's request to the court for medical examination was, in effect, a denial of physical capacity. This inference of incapacity did not put the trial judge under any obligation to anticipate the appellant's defense and to appoint a medical examiner to try to prove it for him. The appellant was represented at the trial by counsel of his own choosing. It was incumbent on counsel and his client to prepare and furnish the defense and not on the court or prosecuting authorities. The statement of the District Judge is apropos: "It nowhere appears, nor has any authority come to the attention of the court, wherein the Federal Constitution requires that state authorities submit an accused rapist for medical examination 'To test whether or not he committed the crime.' " We find no merit to this claim.

■ Finally it is claimed on behalf of the appellant that he was denied due process and equal protection of the law in violation of the Fourteenth Amendment to the Constitution of the United States for the reason that he was not provided with counsel to prosecute an appeal from his conviction in the state court. The appellant's trial counsel apparently would not represent him in an appeal without the payment of an additional fee. He probably was aware of the futility of an appeal. The appellant does not claim that he ever advised the trial judge that he was unable to employ a lawyer to prosecute an appeal or that he made a request for the appointment of counsel. It was well said by the District Judge, "The trial judge is not obliged to inquire into the continuing status of their relationship." (Attorney and client.)

■ There is no constitutional right to an appeal. There must be some bona fide ground for it, otherwise an appeal would be frivolous. Neither the appellant nor counsel on his behalf make any claim that any of the appellant's constitutional rights were violated in the trial court. The alleged failure of the trial judge to appoint counsel to prosecute an appeal presents no Federal Constitutional question to this court.

The judgment of the District Court is affirmed.