Sylvester **NELLOMS**, Appellant,

v.

**UNITED STATES of America**, Appellee.

No. 25154.

United States Court of Appeals Fifth Circuit.

June 27, 1968.

Rehearing Denied Aug. 2, 1968.

---

9. Cf. Smith v. Kirkpatrick, 305 N.Y. 66, 111 N.E.2d 209, reh. denied 305 N.Y. 926, 114 N.E.2d 477.

Howard Moore, Jr., Peter E. Rindskopf, Atlanta, Ga., for appellant.

Charles B. Lewis, Jr., Asst. U. S. Atty., Atlanta, Ga., Charles L. Goodson, U. S. Atty., for appellee.

Before JOHN R. BROWN, Chief Judge, BELL, Circuit Judge, and HOOPER, District Judge.

PER CURIAM:

This is an appeal from a judgment of conviction entered on a jury verdict of guilty for violation of the Selective Service Act. 50 App. U.S.C.A. § 462(a). Appellant reported to the induction center but refused to take the symbolic step forward for induction into the Armed Forces of the United States.

Appellant was initially classified as 1–A by his Selective Service board. In 1964 he was classified 1–Y, available for service only in time of national emergency, on the basis of his score on the mental test administered during his pre-induction physical. He was a high school graduate and had attended college for one semester. On April 13, 1966, pursuant to revised test standards, he was re-classified 1–A. No appeal was taken from any of these classifications. During the month of May, 1966, he became a member of the Nation of Islam, a religious sect commonly known as the Black Muslims. On August 17, 1966, he was ordered to report for induction on September 1, 1966. On August 22, 1966, he appeared at his local board and requested an application form for conscientious objector status, completed the form and returned it to the board on August 24, 1966. The local board rejected his claim for change in status in writing on the same day.

■ There are three assignments of error, all centering around the failure of the District Court to grant appellant's motion for judgment of acquittal. The first assignment is based on the racial composition of the Selective Service Board. Appellant, a Negro, contended that Negroes were systemically excluded from selective service board service. This assignment is foreclosed by our holding in Clay v. United States, 5 Cir., 1968, 397 F.2d 901. It is thus without merit. The second is based on the fact of the introduction of appellant's selective service file into evidence through the clerk of appellant's local board. This assignment is also foreclosed against appellant. Lowe v. United States, 5 Cir., 1968, 389 F.2d 51; Pardo v. United States, 5 Cir., 1966, 369 F.2d 922.

■ The other error asserted is based on the failure of the draft board to classify appellant as a conscientious objector. On the trial appellant contended that the denial to him of such classification was without basis in fact, arbitrary, summary and contrary to law. The opposite is true. As noted, appellant did not contend that he was a conscientious objector until after he had been ordered to report for induction. The regulation, Title 32, § 1625.2, Code of Federal Regulations, relating to reopening and reconsidering a classification prior to and after an order to report for induction, provides that " * * * the classification of a registrant shall not be reopened after the local board has mailed to such registrant an Order to Report for Induction * * * unless the local board first specifically finds there has been a change in the registrant's status resulting from circumstances over which the registrant had no control." Appellant's application for conscientious objector status shows that he acquired the belief which is the basis of his claim when he "Accepted Islam as taught by Honorable Elijah Muhammed in May 1966 * * * ". There was no showing whatever of a change in status after appellant was ordered on August 17, 1966 to report for induction. His application demonstrated this. His tes-

timony on the trial reaffirmed the fact. Moreover, if the date of his original classification (May, 1966) is deemed to be the critical time, then the application completely failed to show that between that date and the order of induction or the date the application for change was filed there was a "change in the registrant's status resulting from circumstances over which the registrant had no control." There is no merit in the claim that he was denied procedural due process by the board.

Affirmed.