Thomas W. SULLIVAN, Plaintiff,

v.

ALABAMA STATE BAR, a corporate body, et al., Defendants.

Civ. A. No. 2820–N.

United States District Court

M. D. Alabama, N. D.

Feb. 4, 1969.

Judgment Affirmed April 28, 1969.

See 89 S.Ct. 1486.

Fred Blanton, Birmingham, Ala., for plaintiff.

Truman Hobbs, Hobbs, Copeland, Franco, Riggs & Screws, Montgomery, Ala., for the Bar, its Board of Commissioners and defendant officers.

MacDonald Gallion, Atty. Gen., Gordon Madison, Asst. Atty. Gen., State of Alabama, Montgomery, Ala., for the Justices of the Alabama Supreme Court.

## ON MOTION TO DISMISS AND FOR JUDGMENT ON THE PLEADINGS

Before RIVES, Circuit Judge, and JOHNSON and ALLGOOD, District Judges.

PER CURIAM:

This cause is submitted on a motion to dismiss and for judgment on the pleadings filed by the Chief Justice and Associate Justices of the Supreme Court of Alabama and on a like motion filed by the Alabama State Bar, its Board of Commissioners and officers.

There can be little or no dispute about the pertinent basic facts as disclosed by the complaint. The Board of Commissioners of the Alabama State Bar was first established in 1923.[1] The members in good standing of the Alabama State Bar in each judicial circuit of the State select one member of said Board of Commissioners, Sec. 22. Thus, there are 36 State judicial circuits and 36 members of the Board of Commissioners. There are wide variances among the judicial circuits both in total population and in the number of licensed lawyers.

At an annual meeting of the lawyers of Alabama held at such place and time as the Board of Commissioners designate and open to all members of the State Bar in good standing, a president and a first vice-president of the State Bar are elected by majority vote by the members of the State Bar present and voting. Sec. 24. Broad powers and authority are conferred on the Board of Commissioners, including the following:

"  *   *   *   (c) subject to the approval of the supreme court, to formulate rules governing the conduct of all persons admitted to practice, and to investigate, or cause to be investigated, and to pass upon, all complaints that may be made concerning the professional conduct of any person who has been, or may hereafter be, admitted to the practice of the law; (d) subject to the approval of the supreme court, to formulate rules governing the reinstatement of members of the bar who have been disbarred, and to pass upon all petitions for reinstatement; (e) to appoint one or more committees from the membership of the board, or from the membership of the entire bar, or partly from one and partly from the other, to take evidence in connection with any complaint filed against any attorney and forward the same to the board. * * * The board shall administer such discipline, by public or private reprimand, suspension from the practice of law, or exclusion and disbarment therefrom, as the case shall, in their judgment, warrant. A majority of the board shall constitute a quorum and the majority of those present (if a quorum be present) shall be empowered to act as and for the entire board. The supreme court may, and on petition of the party aggrieved must, in any case of suspension or disbarment from practice, review the action of the board, and may, on its own motion, and without the certification of any record, inquire into the merits of the case and take any action agreeable to their judgment." Sec. 25 (c), (d) and (e).

In May and June 1964, the Grievance Committee of the Alabama State Bar preferred charges against the plaintiff Sullivan, alleging violations of specified rules theretofore formulated by the Board and approved by the Supreme Court. Additional charges against Sullivan were preferred in 1966. On March 3, 1967, the Board of Commission-

---

1. Code of Ala. of 1940, Recompiled 1958, Tit. 46, § 21 et seq. Later references to that statute will be simply to the pertinent section of Title 46.

ers found Sullivan guilty of certain of the charges and ordered his disbarment. Sullivan filed a petition in the Supreme Court of Alabama for certiorari and for a stay of execution of the judgment of disbarment. On March 13, 1967, the Supreme Court of Alabama entered the following order:

"Petitioner, having filed in this Court on March 7, 1967, a Petition for Certiorari directed to the Board of Commissioners of the Alabama State Bar to forward to this Court a full and complete record of proceedings in this case and to review, revise, reverse and hold for naught that certain judgment of disbarment rendered by the Board of Commissioners of the Alabama State Bar on, to-wit: the 3rd day of March, 1967, and Petitioner having filed a petition for stay of the execution of said judgment of disbarment pending this Court's determination of the matters to be presented, and said petition being duly submitted and examined and understood by the Court, it is ordered that the petition for stay be and the same is hereby denied;

"Provided, however, that upon the Petitioner filing in this Court within ten days from this date a sworn affidavit stating that pending the disposition of this matter in this Court he will not, directly or indirectly, either by himself or in association with another, act or appear as solicitor for complainant or respondent in any divorce proceedings now pending or hereafter filed, a stay of the order of disbarment of the Board of Commissioners of the Alabama State Bar will issue.

"Done this 13th day of March, 1967.

"Livingston, C. J., Lawson, Goodwyn, Merrill & Harwood, J. J., concur.

"Simpson and Coleman, J. J. would grant a stay of execution of the judgment of disbarment, pending review of the same, without condition as has heretofore been done in disbarment proceedings."

Sullivan's petition for reconsideration was ordered stricken. He unsuccessfully applied to the Honorable Hugo L. Black, Associate Justice of the Supreme Court of the United States, for a stay of execution. Thereafter, he filed the prescribed affidavit, and the Supreme Court of Alabama, on April 3, 1967, issued the following order:

"WHEREAS, on March 13, 1967, this Court did enter an order denying the stay of execution of the judgment of disbarment entered by the Board of Commissioners on March 3, 1967, and "WHEREAS, the order of March 13, 1967, did provide that a stay of execution would be granted provided the petitioner would not directly or indirectly either himself or in association with another act or appear as solicitor for complainant or respondent in any divorce proceeding now pending or hereafter filed, and

"WHEREAS, petitioner did, on March 28, 1967, file an affidavit called for in the Court's order of March 13, 1967, and through his attorney has petitioned the Court to treat such affidavit as being timely filed in view of the fact that petitioner sought relief in the Supreme Court of the United States by petition, and said petition being denied by Mr. Justice Hugo L. Black on March 24, 1967,

"NOW, THEREFORE, IT IS ORDERED that the judgment of disbarment entered by the Board of Bar Commissioners on March 3, 1967, be and the same is hereby stayed pending the disposition of the PETITION FOR REVIEW in this Court."

The petition for review of Sullivan's disbarment was argued and submitted to the Supreme Court of Alabama in May 1968, and on January 30, 1969 that Court rendered its opinion and decision affirming the judgment of disbarment.

On November 15, 1968, before the disposition of the petition for review, the President of the Board of Commissioners and the General Counsel of the Alabama State Bar filed in the Supreme

Court of Alabama a petition for an order to show cause why Sullivan should not be held in contempt of court for participating in certain named divorce actions. On December 11, 1968, an order to show cause issued from the Supreme Court of Alabama and the date set for hearing was Wednesday, January 8, 1969.

On January 3, 1969, Sullivan filed his complaint in this Court praying for a restraining order, interlocutory injunction and permanent injunction restraining further prosecution or consideration of the contempt proceeding against Sullivan. On the same day, the district judge denied Sullivan's motion for a temporary restraining order. The contempt proceeding is now set for hearing before the Supreme Court of Alabama on February 24, 1969.

Sullivan injects federal constitutional questions by seeking an injunction restraining the enforcement of Sections 22 and 24 of Title 46 of the Code of Alabama. He claims that Section 22 violates the equal protection clause of the Fourteenth Amendment because of malapportionment of the Board of Commissioners arising from the wide disparity in population and in numbers of lawyers in the various State judicial circuits. He attacks Section 24 as denying the equal protection of the laws, because he and other lawyers are required to travel great distances and markedly different distances from their respective homes or places of practice in order to vote for a president and a first vice-president of the State Bar. Sullivan had made these same attacks as a part of his defense in the disbarment proceeding, and in affirming the judgment of disbarment the Supreme Court of Alabama ruled adversely to Sullivan on these questions.

In addition to individual relief as a defense to the contempt proceeding, Sullivan appears in this Court individually and as a champion of the entire State Bar—"on behalf of himself and all other members in good standing of the Alabama State Bar"—and prays: "That in the event the constitutional deficiencies inherent in the Alabama State Bar as now constituted are not remedied forthwith that the Court proceed to correct the deficiencies."

The foregoing statement of this case has necessarily been disproportionately long, and its decision can be relatively brief.

28 U.S.C. § 2283 provides:

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."[2]

The Second Circuit[3] and the Fifth Circuit[4] apparently differ as to whether this statute is a clear cut prohibition or establishes only a rule of comity or judicial discretion. Under either construction, it is clear that this Court should not interfere by injunction with the pending contempt proceeding in the Supreme Court of Alabama.[5] Proceedings to disbar attorneys from practice in the Alabama courts are peculiarly within the jurisdiction of the Supreme Court of Alabama, free from federal interference.[6]

Sullivan seems to take the position that this case is brought within one of the

---

2. See Dombrowski v. Pfister, 1965, 380 U.S. 479, 484 n. 2, 85 S.Ct. 1116, 14 L.Ed.2d 22.

3. Stevens v. Frick, 2 Cir. 1967, 372 F.2d 378, 381, 382.

4. Southern California Petroleum Corp. v. Harper, 5 Cir. 1960, 273 F.2d 715, 718; T. Smith & Son, Inc. v. Williams, 5 Cir. 1960, 275 F.2d 397; Dilworth v. Riner, 5 Cir. 1965, 343 F.2d 226.

5. See Douglas v. City of Jeannette, 1943, 319 U.S. 157, 162, 63 S.Ct. 877, 87 L.Ed. 1324; Zwickler v. Koota, 1967, 389 U.S. 241, 253, 88 S.Ct. 391, 19 L.Ed.2d 444; Cameron v. Johnson, 1968, 390 U.S. 611, 88 S.Ct. 1335, 20 L.Ed.2d 182.

6. See Theard v. United States, 1957, 354 U.S. 278, 281, 77 S.Ct. 1274, 1 L.Ed.2d 1342; Gately v. Sutton, 10 Cir. 1962, 310 F.2d 107.

exceptions to 28 U.S.C. § 2283, quoted supra, viz.: " * * * where necessary in aid of its jurisdiction"; and that this Court should prevent or delay his disbarment so that he may continue this suit to correct the constitutional deficiencies which Sullivan claims to be inherent in the Alabama State Bar as now constituted.

There may be several inadequacies of this case as a class action under Rule 23, Fed.R.Civ.P. Certainly the "class" is not properly described as "all the members in good standing of the Alabama State Bar," for that includes the beneficiaries as well as the victims of the alleged discrimination. It is doubtful whether a lawyer against whom disbarment proceedings are pending is a "representative party" who can be counted on to "fairly and adequately protect the interests of the class." Rule 23(a), Fed.R.Civ.P. Since these possible inadequacies have not been raised by the defendants, we will treat this as a proper class action for purposes of the present decision.

Assuming that Sullivan had standing either individually or as representative of a class to prosecute this action when the present complaint was filed, we would

have some doubt as to whether that standing was lost by the Alabama Supreme Court's subsequent affirmance of the judgment of disbarment,[7] or will be lost by any judgment that may be entered by the Supreme Court of Alabama in the contempt proceeding.[8]

In any event a class action cannot be dismissed without the approval of the court and after notice of the proposed dismissal to all members of the class.[9] If that occurs, we cannot assume that every other member of the class will fail to intervene to correct "the constitutional deficiencies in the Alabama State Bar as now constituted," if in truth there be substantial grounds to believe that there are any such constitutional deficiencies. Thus Sullivan's continued presence as plaintiff is not shown to be "necessary" in aid of this Court's jurisdiction.[10] We conclude that this case does not come within any of the exceptions to 28 U.S.C. § 2283, and that this Court should not grant an injunction to stay the contempt proceedings in the Supreme Court of Alabama.

■ The appropriateness of declaratory relief rests in the sound discretion of this Court.[11] Out of an abundance of

7. That affirmance does not conclude the litigation, for by supplemental brief Sullivan's counsel informs this Court: "It may be stated that a petition for rehearing shall be filed in the Supreme Court of Alabama within the fifteen (15) day period allowed by the rules of that Court." Of course review may also be sought from the Supreme Court of the United States.

8. See Davis, Standing: Taxpayers and Others, 35 U.Chi.L.Rev. 611, 612 (Summer, 1968); 3 Davis, Administrative Law Treatise §§ 22.01–22.18. That much is conceded in brief by the Alabama State Bar, its Board of Commissioners and officers:

"If this Court views plaintiff's constitutional challenge to the organization of the Bar Commission as raising a substantial question meriting review by this Court, or one which is inappropriate for judgment on the pleadings, we point out that Mr. Sullivan would have clear standing to raise this constitutional challenge as an attorney in the State of Alabama

even if the Supreme Court of Alabama upheld his disbarment. This would be true because as a disbarred attorney, plaintiff Sullivan's interest in the Bar Association would not be merely academic. Under Title 46, § 25, Alabama Code, the Bar Commission is charged with formulating the rules governing the reinstatement of disbarred members of the Bar, subject to the approval of the Supreme Court. Also the Bar Commission is charged with the duty 'to pass on all petitions for reinstatement.' It thus seems clear that even if a member of the general public is viewed as lacking standing to challenge the constitutional formation of the Bar Commission, a disbarred lawyer would have such standing."

9. Rule 23(e), Fed.R.Civ.P.

10. 28 U.S.C. § 2283.

11. Eccles v. Peoples Bank of Lakewood Village, Calif., 1948, 333 U.S. 426, 68 S.Ct. 641, 92 L.Ed. 784; Zwickler v. Koota, 1967, 389 U.S. 241, 88 S.Ct. 391, 19 L.Ed.2d 444.

caution and from considerations of public policy, we will assume that Sullivan has properly invoked the jurisdiction of this Court and that, having done so, we are required to consider his federal constitutional claims.[12]

The Supreme Court of Alabama has held that in reviewing disbarment proceedings "this court is in the exercise of its original and inherent powers in the matter of disbarment of attorneys at law."[13] The powers conferred upon the Board of Commissioners of the Alabama State Bar are more judicial than legislative in nature. They were so treated by the Supreme Court of Alabama in' the leading case of Ex parte Thompson, 1933, 228 Ala. 113, 152 So. 229, 238, 239, 107 A.L.R. 671:

"We will now address ourselves to a consideration of the question whether the Legislature of Alabama acted within constitutional bounds in creating the board of commissioners of the state bar, and in conferring upon it the powers enumerated in the act. No doubt it was attempted to confer upon the board thus created powers highly judicial in nature. This board is given authority to formulate rules governing the conduct of all persons admitted to practice and to investigate and pass upon all complaints that may be made concerning the professional conduct of any person who has been or who may hereafter be admitted to the practice of the law, and to formulate rules governing the reinstatement of members of the bar who have been disbarred and to pass upon all petitions for reinstatement. The board is empowered to provide for the taking of evidence, and, on hearing of any complaint against an accused attorney, in all cases in which the evidence, in the opinion of a majority of the board, justifies such a course, they are required to take such disciplinary action by public or private reprimand, suspension from the practice of law,

or exclusion and disbarment therefrom, as the case shall in their judgment warrant, provided that in cases of exclusion and disbarment a majority of the board shall vote affirmatively before the exclusion and disbarment shall become effective. But the rules and regulations which may be formulated and adopted by the board shall not become effective until the same shall have received the approval of this court, and the right of this court to approve or disapprove all or any part of the rules so formulated and adopted by the board is fully reserved to this court. More than this, this court is expressly given the right to review on petition of the party aggrieved, the action of the board, *and may, on its own motion, and without the certification,* inquire into the merits of the case, and take *any action* agreeable *to their judgment.* If this court should desire it, additional testimony may be taken.

"Section 139 of the Constitution, as presently pertinent, reads:

" 'The judicial power of the state shall be vested in the senate sitting as a court of impeachment, a supreme court, circuit courts, chancery courts, courts of probate, such courts of law and equity inferior to the supreme court, and to consist of not more than five members, as the legislature from time to time may establish, *and such persons as may be by law invested with powers of a judicial* nature. \* \*' (Italics supplied.)

"Thus we find express constitutional warrant for conferring upon *this board* judicial functions; and this conclusion is supported by the decision of this court in the case of State Tax Commission v. Bailey & Howard, 179 Ala. 620, 60 So. 913. We fail to see, in the creation of the board of commissioners of the state bar with the powers conferred, any transgres-

---

12. See England v. Louisiana Medical Examiners, 1964, 375 U.S. 411, 415, 84 S.Ct. 461, 11 L.Ed.2d 440.

13. Ex parte Denson, 1938, 235 Ala. 313, 178 So. 434.

sion of constitutional bounds by the Legislature, and, as for any constitutional objections assigned, and here argued, we hold that the act does not violate any of the provisions of the Constitution urged and assigned by appellant."

■ Thus it appears that the State Supreme Court, in the exercise of its original and inherent powers in disbarment proceedings, can remedy any errors committed by any claimed malapportionment of the Board of Commissioners. Moreover, assuming any such malapportionment to exist, the acts of the Board of Commissioners are nonetheless acts of a de facto authority and valid.[14]

■ Finally, this case might be more briefly and properly disposed by laying aside all procedural obstacles and deciding Sullivan's federal constitutional claims. He asks this Court to extend the "one man, one vote" requirement far beyond the holdings of the Supreme Court in Reynolds v. Sims, 1964, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506, and Avery v. Midland County, Texas, 1968, 390 U.S. 474, 88 S.Ct. 1114, 20 L.Ed.2d 45. The Supreme Court has held that the "one man, one vote" principle has no relevancy to the choice of members of a county school board, a non-legislative

office.[15] Lower courts have reached the same result as to various governing bodies of limited-purpose districts and as to members of the executive or judicial branch.[16] As has been indicated, the powers of the Board of Commissioners here under attack may more accurately be classed as judicial than as legislative. If there is any unjust malapportionment, it can be corrected by the State Legislature, which itself is no longer afflicted with the malady of malapportionment.[17] We hold that the constitutional principle of "one man, one vote" has no relevancy to the Board of Commissioners of the Alabama State Bar.

■ Sullivan's attack on Section 24 does not, in our opinion, present a substantial constitutional question. It is elementary that the equal protection clause of the Fourteenth Amendment is aimed only at unreasonable or invidious differences.[18] The presumption is that discriminations in state legislation are based on adequate grounds.[19] In the light of all of the advantages which flow from a face-to-face discussion of the many problems confronting the organized Bar, the Alabama Legislature clearly acted within its constitutional power in requiring an annual meeting of the integrated State Bar for the purpose

---

14. Clay v. United States, 5 Cir. 1968, 397 F.2d 901; Nelloms v. United States, 5 Cir. 1968, 399 F.2d 295; Sellers v. Mc-Namara, 5 Cir. 1968, 398 F.2d 893; Simmons v. United States, 5 Cir. 1969, 406 F.2d 456 [No. 25371, decided Jan. 9, 1969]; Schaefer v. Thomson, D.Wyo., 251 F.Supp. 450, 453, aff'd, Harrison v. Schaefer, 1966, 383 U.S. 269, 86 S.Ct. 929, 15 L.Ed.2d 750; Ryan v. Tinsley, 10 Cir. 1963, 316 F.2d 430, 432; Dawson v. Bomar, 6 Cir. 1963, 322 F.2d 445; Horton v. Bomar, 6 Cir. 1964, 335 F.2d 583; Sims v. Frink, M.D.Ala.1962, 208 F.Supp. 431, aff'd, Reynolds v. Sims, 1964, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506; Fortson v. Morris, 1966, 385 U.S. 231, 235, 87 S.Ct. 446, 17 L.Ed.2d 330.

15. Sailors v. Board of Education, 1967, 387 U.S. 105, 111, 87 S.Ct. 1549, 18 L.Ed.2d 650.

16. See Annotation on Applicability of "One Man—One Vote" Rule, 18 L.Ed.2d 1537, 1541, 1543.

17. See Sims v. Frink, M.D.Ala.1962, 208 F.Supp. 431, aff'd, Reynolds v. Sims, 1964, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506; Sims v. Baggett, M.D.Ala. 1965, 247 F.Supp. 96.

18. Lindsley v. Natural Carbonic Gas Co., 1911, 220 U.S. 61, 31 S.Ct. 337, 55 L.Ed. 369.

19. Middleton v. Texas Power & Light Co., 1919, 249 U.S. 152, 157, 39 S.Ct. 227, 63 L.Ed. 527; Madden v. Commonwealth of Kentucky, 1940, 309 U.S. 83, 60 S.Ct. 406, 84 L.Ed. 590.

of electing a president and vice-president.

Accordingly, it is the order, judgment and decree of this Court that each of the motions of the defendants to dismiss be and the same is hereby granted, and the complaint is hereby dismissed. The costs are taxed against the plaintiff.