**Robert John BRADY, Plaintiff-Appellant,**

v.

**The STATE BAR OF CALIFORNIA et al., Defendants-Appellees.**

No. 74–2361.

United States Court of Appeals, Ninth Circuit.

April 2, 1976.

Robert John Brady, in pro. per.

Stuart A. Forsyth, San Francisco, Cal., for appellee State Bar of Cal.

Iver E. Skjeie, Asst. Atty. Gen., Sacramento, Cal., for appellee State of Cal.

OPINION

Before DUNIWAY, KILKENNY and CHOY, Circuit Judges.

PER CURIAM:

Brady appeals from an order of the district court denying his motion for a preliminary injunction and his request that a three-judge district court be convened, and dismissing his action for failure to state a claim for relief cognizable by the court. We affirm.

The district court properly refused to convene a three-judge court under 28 U.S.C. § 2281. The Supreme Court has held that malapportionment of representation on a state bar governing body is not a violation

of fourteenth amendment rights. *Sullivan v. Alabama State Bar,* 295 F.Supp. 1216 (M.D.Ala.), *aff'd,* 394 U.S. 812, 89 S.Ct. 1486, 22 L.Ed.2d 749 (1969).[1] There is, thus, no substantial unsettled federal question on such malapportionment warranting a three-judge court. *California Water Service Co. v. City of Redding,* 304 U.S. 252, 58 S.Ct. 865, 82 L.Ed. 1323 (1938).

Further, even if the California State Bar Board of Governors were malapportioned, its acts would not for that reason be invalid, but would be valid as acts of a *de facto* authority. *See Sullivan, supra,* 295 F.Supp. at 1222. In creating the California Pilot Program In Legal Specialization and in making a rule of professional conduct to further the program with the approval of the California Supreme Court, the Board acted in accordance with statutory authority. California Business and Professions Code §§ 6031, 6076, 6077.

Nothing in the order of the district court indicates that it refused to convene a three-judge court or dismissed the action on the doctrine of abstention. We see no relevance of appellant's argument based on abstention to the issues here on appeal.

Nor do we find any merit in appellant's remaining contentions. The court's denial of a preliminary injunction was proper. Having failed to state any claim for relief, appellant had no basis for any injunctive relief. His attack on the Pilot Program and the rule of professional conduct as violating his rights under the first and fourteenth amendments to the Constitution is precluded by *Smith v. California,* 336 F.2d 530 (9th Cir. 1964).

AFFIRMED.

---

1. The lower courts are bound by summary dispositions of the Supreme Court. *Hicks v. Miranda,* 422 U.S. 332, 344–45, 95 S.Ct. 2281, 2289–90, 45 L.Ed.2d 223, 236–37 (1975).