## Paul PLOWMAN, D.D.S., Plaintiff–Appellant,

v.

Joseph J. MASSAD, James Limestall, Fred Lucas, Ed Garrett, James Farley, Brad Hoopes, L.D. Whitlock, William Smith, Bonnie Flanagan, Beulah Houston–Vernon, and Darla Shurtz, individually and in their Official Capacity, and their Successors, Defendants–Appellees.

No. 94–6182.

United States Court of Appeals, Tenth Circuit.

July 31, 1995.

Mark Hammons of Hammons & Associates, Oklahoma City, OK, for plaintiff-appellant.

W. Craig Sutter, Asst. Atty. Gen. of Oklahoma (Susan B. Loving, Atty. Gen. of Oklahoma, with him on the brief), Oklahoma City, OK, for defendants–appellees.

Before ANDERSON, Circuit Judge, McWILLIAMS, Senior Circuit Judge, and BROWN, Senior District Judge.*

* Honorable Wesley E. Brown, Senior District Judge for the District of Kansas, sitting by designation.

McWILLIAMS, Senior Circuit Judge.

This appeal concerns a constitutional challenge to the Board of Governors of the Registered Dentists of Oklahoma. By statute, the legislature of the State of Oklahoma created an organization known as "the Registered Dentists of Oklahoma," whose membership consisted of all persons entitled to practice dentistry in Oklahoma as of the date of the enacting statute. 59 Okla.Stat. §§ 328.4–.5 (1989).

By statute, the legislature created a governing body of the Registered Dentists of Oklahoma, described in the statute as "the Board of Governors of the Registered Dentists of Oklahoma." 59 Okla.Stat. § 328.7 (1989). The Board of Governors of the Registered Dentists of Oklahoma ("the Board") consists of eleven persons, eight of whom are dentist members, one of whom is a dental hygienist member, and two of whom are neither dentists nor hygienists and are to represent the "public in general." The one dental hygienist member of the Board is elected by all licensed dental hygienists residing in Oklahoma. The two public representative members of the Board are appointed by the Governor, subject to confirmation by the state senate.

The eight dentist members are elected by geographical districts. For the purposes of what is known as the "Oklahoma Dental Act," the legislature created eight geographical districts. 59 Okla.Stat. § 328.8 (1989). The licensed dentists of each district elect one licensed dentist from that district to serve on the Board. The fact that the eight districts have varying numbers of dentists residing therein forms the springboard for the present constitutional challenge to the Board. In this regard, it is agreed that the eight districts created by the state legislature have the following number of dentists residing therein:

| District | | Dentists |
|---|---|---|
| District 1 | - | 128 dentists |
| District 2 | - | 367 dentists |
| District 3 | - | 57 dentists |
| District 4 | - | 160 dentists |
| District 5 | - | 515 dentists |
| District 6 | - | 164 dentists |
| District 7 | - | 158 dentists |
| District 8 | - | 120 dentists |

Dr. Paul Plowman, the plaintiff in the district court and appellant in this court, is a member of the Registered Dentists of Oklahoma and resides in District 5. As above indicated, District 5 consists of 515 dentist members of the Registered Dentists of Oklahoma. Those 515 dentists elect one dentist from within their district to the Board of Governors. By way of example, District 3 consists of only 57 dentist members of the Registered Dentists of Oklahoma, yet those 57 dentists also elect one dentist from within their district to the Board. Therein lies our present problem.

Dr. Plowman brought the present action in the United States District Court for the Western District of Oklahoma, naming as defendants the eleven members of the Board of Governors, "individually and in their official capacity, and their successors." The action was characterized as one "for deprivation of equal protection of the law as guaranteed by the Fourteenth Amendment and as made actionable by 42 U.S.C. § 1983."

In his complaint Dr. Plowman alleged, in essence, that under the statutory scheme for electing dentist members to the Board of Governors he was denied equal protection of the law because his vote was "diluted" and did not "count" as much as the vote of a dentist member residing, for example, in District 3. By way of relief, Dr. Plowman sought a declaration that the statutes creating the Board of Governors were unconstitutional and that accordingly the Board itself is unconstitutional.

The defendants filed an answer, and both plaintiff and the defendants moved for summary judgment. After hearing, the district court denied Dr. Plowman's motion and granted the defendants' motion, and entered judgment in favor of the defendants. Dr. Plowman appeals. We affirm.

Dr. Plowman's basic position on appeal is that the eight geographical electoral districts

created by the Oklahoma Dental Act from which the eight dentist members of the Board of Governors of the Registered Dentists are elected violates the equal protection clause of the Fourteenth Amendment because of the disparity in the number of dentists residing in the eight districts. In thus arguing, Dr. Plowman relies on the "one person, one vote" rule set forth in *Reynolds v. Sims*, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964), and its progeny.

The defendant board members argue that theirs is a "special purpose" board and constitutes an exception to the one person, one vote rule, and in thus arguing rely on such cases as *Ball v. James*, 451 U.S. 355, 101 S.Ct. 1811, 68 L.Ed.2d 150 (1981); *Salyer Land Co. v. Tulare Lake Basin Water Storage Dist.*, 410 U.S. 719, 93 S.Ct. 1224, 35 L.Ed.2d 659 (1973); and *Sailors v. Board of Educ.*, 387 U.S. 105, 87 S.Ct. 1549, 18 L.Ed.2d 650 (1967). In this regard, Dr. Plowman replies that even if the defendant Board be one for a "special purpose," as opposed to a "general purpose," there still must be at least some "rational reason" for creating eight electoral districts containing a disparate number of dentists residing therein.

As indicated, the district court granted the defendants' motion for summary judgment and entered judgment on behalf of all defendants. In so doing, the district court found that the Board of Governors of the Registered Dentists of Oklahoma "functions as a special purpose unit of government" and hence was not subject to the one person, one vote rule.

On appeal, we reach the same result as the district court did. At the outset, we note that most of the cases relied on by both parties have facts different, in several respects, from those in the instant case. The case which most closely resembles the instant case is *Sullivan v. Alabama State Bar*, 295 F.Supp. 1216 (M.D.Ala.), *aff'd without opinion*, 394 U.S. 812, 89 S.Ct. 1486, 22 L.Ed.2d 749 (1969).

In *Sullivan*, the State Legislature of Alabama established a Board of Commissioners of the Alabama State Bar consisting of 36 members, one elected from each of the 36 state judicial circuits by the attorneys residing therein. An attorney challenged the constitutionality of this scheme of electing members to the Board of Commissioners because there admittedly were wide variances among the 36 judicial circuits both in total population and in the number of licensed attorneys residing therein. The three-judge court in *Sullivan* rejected this argument and in so doing spoke as follows:

> Finally, this case might be more briefly and properly disposed by laying aside all procedural obstacles and deciding Sullivan's federal constitutional claims. He asks this Court to extend the "one man, one vote" requirement far beyond the holdings of the Supreme Court in *Reynolds v. Sims*, 1964, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506, and *Avery v. Midland County, Texas*, 1968, 390 U.S. 474, 88 S.Ct. 1114, 20 L.Ed.2d 45. The Supreme Court has held that the "one man, one vote" principle has no relevancy to the choice of members of a county school board, a non-legislative office. Lower courts have reached the same result as to various governing bodies of limited-purpose districts and as to members of the executive or judicial branch. As has been indicated, the powers of the Board of Commissioners here under attack may more accurately be classed as judicial than as legislative. If there is any unjust malapportionment, it can be corrected by the State Legislature, which itself is no longer afflicted with the malady of malapportionment. *We hold that the constitutional principle of "one man, one vote" has no relevancy to the Board of Commissioners of the Alabama State Bar.* (emphasis added). (footnotes omitted).

*Sullivan v. Alabama State Bar*, 295 F.Supp. at 1222.

As indicated, on appeal the Supreme Court in *Sullivan* granted a motion to affirm and affirmed, without comment, the three-judge

district court.[1]

On the basis of *Sullivan,* we affirm the judgment of the district court in the instant case. The instant case is, in our view, on all fours with *Sullivan.*[2] The Board of Governors of the Registered Dentists of Oklahoma is in the same position as the Board of Commissioners of the Alabama State Bar in *Sullivan.*

Judgment affirmed.

1. In *Hicks v. Miranda,* 422 U.S. 332, 344, 95 S.Ct. 2281, 2289, 45 L.Ed.2d 223 (1975), the Supreme Court quoted with approval Justice Brennan's statement in *Ohio ex rel. Eaton v. Price,* 360 U.S. 246, 247, 79 S.Ct. 978, 979, 3 L.Ed.2d 1200 (1959) that "[v]otes to affirm summarily, ... it hardly needs comment, are votes on the merits of a case...." In a concurring opinion in *Fusari v. Steinberg,* 419 U.S. 379, 391, 95 S.Ct. 533, 541, 42 L.Ed.2d 521 (1975), Chief Justice Burger said that "[w]hen we summarily affirm, without opinion, the judgment of a three-judge District Court we affirm the judgment but not necessarily the reasoning by which it was reached." In *Anderson v. Celebrezze,* 460 U.S. 780, 784 n. 5, 103 S.Ct. 1564, 1568 n. 5, 75 L.Ed.2d 547 (1983), the Supreme Court said that "[w]e have often recognized that the precedential effect of a summary affirmance extends no further than 'the precise issues presented and necessarily decided by those actions.'" The "precise issue" in *Sullivan,* as we see it, was whether the one person, one vote rule applied to the Board of Commissioners of the Alabama State Bar.

2. We note that in *Brady v. State Bar of California,* 533 F.2d 502, 502–03 (9th Cir.1976), the Ninth Circuit, citing *Sullivan,* stated that "[t]he Supreme Court has held that malapportionment of representation on a state bar governing body is not a violation of fourteenth amendment rights."