STEAGALL, Justice.
This is an appeal by Cotton States Insurance Company from a summary judgment in favor of Christopher Marsh, Jean Rawls (Marsh’s mother), Edward Lawrence Cornelius, Jr. (hereinafter “Cornelius”), and Edward J. Cornelius (Cornelius’s father) in an action for a declaratory judgment.
This case involves a one-automobile accident in which Marsh and Cornelius were the only passengers in Cornelius’s automobile. As a result of the accident, both Marsh and Cornelius were thrown from the vehicle and were seriously injured. Each claims that the other was the driver of the car at the time of the accident. The Alabama state trooper who investigated the accident initially identified Marsh as the driver but later revised his report, identifying Cornelius as the driver. Cotton States is the insurer of both Marsh and Cornelius. Marsh’s policy would cover him with respect to a non-owned vehicle if his operation of the non-owned vehicle was with the permission of the owner. Both the policies of Cornelius and Marsh contained a cooperation clause which states, in pertinent part, that the insured will honestly cooperate with the insurance carrier in disclosing “pertinent facts known or available to him.”
On August 2, 1988, Marsh and Rawls filed suit against Cornelius for injuries to Marsh as a result of the accident, alleging that Cornelius was the driver. On October 1, 1988, Cotton States filed this action for declaratory judgment to determine the identity of the driver of the vehicle when the accident occurred, so as to put itself in a position to determine its rights, obligations, and duties under the policies. Along with its declaratory judgment action, Cotton States filed a motion for a preliminary injunction to enjoin the prosecution of the separate personal injury action filed by Marsh against Cornelius pending a determination of the declaratory judgment action. On February 17, 1989, Cornelius and his father filed a separate suit against Marsh for injuries to Cornelius as a result of the accident, alleging that Marsh was the driver. Both Marsh and Cornelius have demanded that Cotton States extend coverage to them and that it defend them in their respective suits. The trial court denied Cotton States’ motion for a preliminary injunction and, after oral argument, the trial court entered summary judgment in favor of all defendants on February 3, 1989.
On appeal, Cotton States argues that summary judgment was improper, arguing that it was entitled to a determination of the identity of the driver of the vehicle when the accident occurred and that the trial court erred in denying its request for a temporary injunction pending a final determination of its declaratory judgment action.
We first address Cotton States’ allegation of error in the denial of its request for a temporary injunction.
“ ‘Wide discretion is accorded the trial judge hearing the application and deciding whether to grant a temporary injunction and his action will not be disturbed on appeal unless he abuses his discre-tion_ His discretion is a legal or judicial one subject to review for abuse or improper exercise, as where there has been a violation of some established rule of law or principle of equity, or a clear misapprehension of the controlling law.’ (Citations omitted.)”
*295 Drill Parts & Service Co. v. Joy Mfg. Co., 439 So.2d 43, 51 (Ala.1983), quoting Alabama Education Association v. Board of Trustees of University of Alabama, 374 So.2d 258, 260 (Ala.1979). We find that the trial court did not abuse its discretion in denying Cotton States’ motion for a preliminary injunction.
We next address the propriety of the entry of summary judgment in Cotton States’ declaratory judgment action. This Court has stated:
“The availability of declaratory judgment as a means of establishing an insurer’s liabilities and duties vis-a-vis an insurance policy during the pendency of a suit against an insured and to which the insuror has not been made a party has long been recognized by the courts of this State. As a prerequisite to declaratory judgment, the pending suit against the insured must be postured so that it does not afford an adequate judicial determination of the insurer’s rights and liabilities. Thus:
“ ‘Jurisdiction of a declaratory judgment action will not be entertained if there is pending at the time of the declaratory judgment action another action or proceeding to which the same persons are parties, and in which are involved and may be adjudicated the same identical issues that are involved in the declaratory judgment action.’ ”
Home Insurance Co. v. Hillview 78 West Fire District, 395 So.2d 43/44 (Ala.1981) (citations omitted) (emphasis added). In Home Insurance Co., the identical issue presented in both the declaratory judgment action and the tort action was whether a passenger in the wrecked vehicle was an “employee” at the time of the accident. Likewise, the identical issue presented here in both the suit for declaratory judgment and the pending civil case is, “Who was the driver?”
While the trial court entered a judgment it characterized as a “summary judgment,” we understand that judgment to have been simply a judgment of dismissal. That judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, JONES, ALMON, SHORES, HOUSTON and KENNEDY, JJ., concur.
ADAMS, J., dissents.