ADAMS, Justice.
This is an appeal by Annie Martha McKinney and Ricky Stokes from a summary judgment in favor of Alfa Mutual Insurance Company (“Alfa”) in an action for a declaratory judgment.[1]
On July 4,1987, McKinney was operating an automobile owned by Stokes. That automobile was hit from behind by an automobile driven by Bobby Collier English and owned by Parker Produce Company. On August 19, 1987, Stokes and McKinney filed suit against English and Parker Produce. The complaint alleged that English, an employee of Parker Produce, had negligently driven his automobile into the one driven by McKinney. The complaint also alleged theories of respondeat superior, negligent hiring, and negligent entrustment against Parker Produce.
On October 5,1987, Alfa filed this declaratory action to determine whether English *1022 had coverage under an Alfa policy of insurance issued to Parker Produce, and whether Alfa had an obligation to defend English in the underlying negligence suit by Stokes and McKinney. The trial court entered summary judgment in Alfa’s favor, holding that there was no coverage as to English under the policy, and that Alfa had no duty to defend him.
Considering the pleadings, testimony, and evidence submitted, the trial judge wrote:
“I have considered the evidence offered at the hearing held on August 5, 1988. The Plaintiff [Alfa] has shown by a preponderance of the evidence that the Defendant Bobby Collier English was not an insured under the Parker insurance policy at the time of the collision with the Defendants McKinney and Stokes. Specifically, I find that Mr. English used the Parker Ford pickup truck without authorization, express or implied, from Mr. Parker.
“I have therefore entered judgment in favor of the plaintiff in this declaratory judgment action and find that the Plaintiff has no obligation to defend the Defendants Stokes and McKinney’s claims against the Defendant English....”
On appeal, Stokes and McKinney contend that declaratory relief was improper because the same issue was already pending in the underlying negligence action. Stokes and McKinney argue that the trial court’s decision has permitted Parker Produce to adjudicate a factual issue pending in the negligence action — whether English was an employee of Parker Produce at the time of the accident. We agree.
The general rule in Alabama is that a declaratory judgment as to insurance coverage requiring an adjudication of the same issue as that in a prior pending action is not appropriate. Sparks Construction Co. v. General Mutual Insurance Co., 334 So.2d 897 (Ala.1976). Moreover, to permit such a declaratory judgment would sanction the use of declaratory relief as a vehicle to determine the sufficiency of defenses to a pending action. Id. We have stated:
“The availability of declaratory judgment as a means of establishing an insuror’s liabilities and duties vis-a-vis an insurance policy during the pendency of a suit against an insured and to which the insurer has not been made a party has long been recognized by the courts of this State. As a prerequisite to declaratory judgment, the pending suit against the insured must be postured so that it does not afford an adequate judicial determination of the insurer’s rights and liabilities. Thus:
“ ‘Jurisdiction of a declaratory judgment action will not be entertained if there is pending at the time of the declaratory judgment action another action or proceeding to which the same persons are parties, and in which are involved and may be adjudicated the same identical issues that are involved in the declaratory judgment action.’ ”
Home Insurance Co. v. Hillview 78 West Fire District, 395 So.2d 43, 44 (Ala.1981) (citations omitted) (emphasis added). See also Cotton States Insurance Co. v. Marsh, 551 So.2d 293 (Ala.1989).
In Home Insurance Co., the issue presented in both the declaratory judgment action and the negligence action was whether a passenger in the vehicle was an “employee.” Likewise, in the present case, the threshold issue in both the declaratory judgment action and the pending civil case is whether English was an “employee.”
Declaratory relief was improper in this ease. Cotton States Insurance Co. v. Marsh, supra. Therefore, the judgment of the trial court is due to be, and it hereby is, reversed and the cause is remanded.
REVERSED AND REMANDED.
HORNSBY, C.J., and JONES, SHORES and STEAGALL, JJ., concur.

. Bobby Collier English died after the filing of this action. His estate was not substituted as a defendant, and, therefore, is not a party to this appeal.